■ HARVEY R. CONKLIN et al., Appellants, v. JAMES WILBUR, Respondent. — In a negligence action to recover damages for personal injuries, plaintiffs appeal from an order of the Supreme Court, Rockland County, entered May 24, 1965, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (subd. [a], par. 4) [another action pending] and denied plaintiffs' cross motion to vacate an order of preclusion entered in the first action or, in the alternative, to discontinue the same. Order modified (1) by amending its first decretal paragraph so as to deny defendant's motion to dismiss the second action; and (2) by striking out its second decretal paragraph in its entirety. As so modified order affirmed, with $10 costs and disbursement to plaintiffs. In December, 1961, plaintiffs were allegedly injured when a truck in which they were present was struck by a car owned and operated by the defendant. In April 1963, plaintiffs began a negligence action against the defendant who, in May, 1963, answered and demanded a bill of particulars. In September, 1963, an order of preclusion became effective following plaintiffs' failure to serve their bill. In December, 1964, two days prior to the expiration of the limitation period applicable to plaintiffs' causes of action, plaintiffs commenced a second similar negligence action against the defendant who did not inform his attorneys of its commencement until he was in default therein. Defendant then transmitted to his attorneys a letter, addressed to him by plaintiffs' counsel, which informed him of his default and stated that " We are about to enter a judgment on inquest in the sum of $75,000.00 but before doing so, we would like to give you this further opportunity to turn the papers over to your insurance company." In April, 1965, defendant moved to dismiss the second action on the ground that the first action was pending (CPLR 3211, subd. [a], par. 4). Plaintiffs cross-moved to vacate the preclusion order or, if that relief were denied, to discontinue the first action (CPLR 3217). By seeking the discontinuance of the first action, plaintiffs intended to avoid its meaningless prosecution for, if the preclusion order were not vacated, plaintiffs plainly could not establish their claims. In opposition to plaintiffs' cross-motion, defendant did not claim that the granting of a discontinuance would prejudice his defense. On appeal, plaintiffs do not question Special Term's denial of their motion to vacate the above order of preclusion. In our opinion, the granting of defendant's motion to dismiss the second action on the ground that the first action was pending constituted reversible error as a matter of law. Defendant's motion was made when he was in default in the second action. Plaintiffs' letter to defendant, received by defendant when he was in default, could not have extended defendant's time to move or answer because defendant's time to do so had expired (*Ornstein* v. *Goldberg*, 226 App. Div. 746). Hence, defendant's motion to dismiss the second action could not have been granted until defendant first had successfully moved to open his default therein (2 Weinstein-Korn-

Miller, N. Y. Civ. Prac., par. 2004.06). Plaintiffs' motion to discontinue the first action, however, was properly denied. An efficient court system should not tolerate the casual prosecution of actions and, hence, we shall not encourage the use of the discontinuance device as an adjunct of delay. (*Schultz* v. *Kobus*, 15 A D 2d 382). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.