■ SECURITY TITLE AND GUARANTY COMPANY, Appellant, v HARVEY WOLFE, Individually and as a Copartner Doing Business as BECKER-WOLFE ABSTRACT Co., Respondent, et al., Defendant.—Order, Supreme Court, New York County, entered February 3, 1976 denying plaintiff's motion for entry of a default judgment against defendant Wolfe and dismissing plaintiff's action as to him, modified, on the law, to the extent of reinstating this action providing the complaint is served within 20 days after service of a copy of the order to be entered herein and, as so modified, affirmed, without costs and without disbursements. Though defendant's appearance in this action initially was not timely the parties thereafter stipulated to extend his time "to appear and answer" thus waiving any default occasioned by his earlier untimely appearance. Since it is undisputed he has not yet been served with the complaint he is not in default for not having answered and that portion of Special Term's order which denied plaintiff's motion for a default judgment must therefore be affirmed. The fact that Wolfe was served a copy of a complaint in a subsequent action brought by plaintiff against this defendant and his wife does not justify dismissing the earlier action on the ground of another action pending between the same parties for the same cause. To warrant dismissal on that basis a comparison must first be made of the allegations of the two complaints to determine whether the suits are indeed for the same cause of action. (Louis R. Shapiro, Inc. v Milspemes Corp., 20 AD2d 857.) Inasmuch as the complaint was never served in the instant action no such comparison could have been made thus rendering dismissal inappropriate. Plaintiff's motion for reargument having been denied the appeal therefrom is unanimously dismissed (7 Weinstein-Korn-Miller, NY Civ Prac, par 5701.23), without costs and without disbursements. Concur—Silverman, Markewich and Yesawich, JJ.; Kupferman, J. P., and Murphy, J., dissent as to Appeal No. 4049N in the following memorandum by Murphy, J.: By the stipulation of the parties in this proceeding, defendant Wolfe's time to answer was extended to May 30, 1975. It is undisputed that defendant Wolfe did not serve his answer within that time period. Since defendant Wolfe was in default when the plaintiff made its motion for the entry of default judgment, the lower court should not have

granted him affirmative relief dismissing the complaint as against him. *(Conklin v Wilbur,* 26 AD2d 666.) In any event, the confession of judgment was never filed in the second action pending between these two parties but it was held in escrow. Hence, the confession of judgment in no way barred the entry of default judgment in this proceeding. Parenthetically, it should also be observed that a dismissal of the complaint as against defendant Wolfe can not be sustained under CPLR 3211 (subd [a], par 4) because this action was commenced prior to the other action pending between these two parties. Since defendant Wolfe never vacated his default and never denied his liability, the lower court should have granted the motion for default judgment and set down this matter for inquest. Upon appeal, its order should be reversed and the motion should be granted.