■ JOHN J. CHALMERS et al., Respondents, v EATON CORPORATION, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered December 2, 1977 in Saratoga County which denied defendant's motion to dismiss the complaint. This is an appeal from the denial of defendant's motion to dismiss the first cause of action of plaintiff's second amended complaint. It is alleged in the complaint that, in 1955, plaintiff John J. Chalmers and defendant entered into a joint venture to advertise and promote the sales and service of Yale fork-lift trucks manufactured by defendant. Plaintiff, during 1952, organized the Schenectady Materials Handling Company to operate the business. It is also alleged that defendant granted a specific territory in which to conduct such business, and agreed to "limit sales of such Yale fork-lift trucks by others or share the profits of such sales with plaintiff, John J. Chalmers." In 1956, plaintiff created, with defendant's knowledge and consent, the Schenectady Materials Handling Company, Inc., a corporation whose purpose was to carry out the business operations previously conducted by plaintiff as sole proprietor of the company with the same name. It is further alleged that, at the time of the incorporation, it was understood and agreed between plaintiff and defendant that the corporation would be the transferee of the business theretofore operated by him, and that he would control and manage the new corporation to carry out the purposes of the joint venture agreement and other agreements entered into by him and the defendant. Plaintiff, continuously from the year 1955 through the month of November, 1974, directly and indirectly as a stockholder, officer, director, or as a sales manager of the Schenectady Materials Handling Co., Inc., controlled, managed and directed the corporation promoting, selling, distributing, leasing and repairing Yale fork-lift trucks in the territory agreed upon, for the benefit of himself and the defendant. It is further alleged that defendant often extended credit to the corporation, and that, in 1968, the stockholders thereof agreed to enter into a financing arrangement whereby defendant could become a stockholder of the corporation, and that on numerous occasions, defendant encouraged an expansion of that credit, oftentimes waiving its rights under the agreement when plaintiff was technically in default. This arrangement continued until 1974, when plaintiff was forced to enter the hospital for serious surgical procedures, at which time he notified defendant that he would not be able to personally continue to manage the corporation for some period of time. In October, 1974, after plaintiff's entry into the hospital, defendant demanded that the defaults of the corporation, under the terms of the financing agreement, be cured immediately. It is contended that defendant made such demand when it knew that plaintiff could not comply therewith for the purpose of terminating the joint venture. As compliance was impossible under the circumstances, defendant took posses-

sion of the property, inventory, offices, books, records and assets of said corporation, thereby terminating the joint venture. As a result of this action, plaintiff maintains that defendant has breached its fiduciary duty to plaintiff to his detriment and damage. Defendant's first contention is that plaintiff, individually, is not the real party in interest, and may not maintain a cause of action since, if any does exist, it belongs to the corporation, formerly Schenectady Materials Handling Company, Inc., now Yale Industrial Trucks-Mohawk Valley, Inc. Plaintiff, however, asserts that he formed the corporation to act as his agent for the purpose of carrying out the joint venture, that he was the principal, and that the law permits a corporation to act as an agent on behalf of an individual principal (2 NY Jur, Agency, § 15). The test for determining the real party in interest is whether payment to the plaintiff will protect the defendant from having to defend against the same claim a second time, and whether such payment will bar all claims of all others (*Purfield v Kathrane,* 73 Misc 2d 194). Where a corporation is aware of the pendency of a suit, it is bound by the result thereof (*Watts v Phillips-Jones Corp.,* 211 App Div 523). As all stockholders, directors and officers of the corporation are parties to this action, it cannot be said that the corporation is unaware of the pendency of the action. Since it would be barred from bringing another action on the same grounds, the first cause of action should not be dismissed on the theory that plaintiff is not the real party in interest. Defendant next contends that since plaintiff has not alleged that there is a written agreement embodying the joint venture between the two, the agreement is oral, and thus a violation of the Statute of Frauds. A joint venture is generally defined as "a 'special combination of two or more persons where in some specific venture a profit is jointly sought without any actual partnership or corporate designation.'" (*Forman v Lumm,* 214 App Div 579, 583.) The description of the relationship plaintiff has alleged in the complaint complies with that definition. An oral agreement may be sufficient to create the relationship of a joint venture (*Clyde v Schaller,* 263 App Div 844; 32 NY Jur, Joint Ventures, § 7). The Statute of Frauds is generally inapplicable to a joint venture agreement (*Yononfsky v Wernick,* 362 F Supp 1005; *Eidelberg v Zellermayer,* 5 AD2d 658; *Weisner v Benenson,* 275 App Div 324). Thus, an agreement may be inferred from the conduct of the parties in performance of the joint venture (*O'Hara v Harman,* 14 App Div 167). Defendant also contends that the agreement between it and plaintiff, as set forth in paragraph 4 of the complaint, is a per se violation of the Sherman Antitrust Act (US Code, tit 15, § 1), and, as an illegal contract, may not be relied upon for recovery. It is asserted that the clause, which states that defendant would limit sales by others in plaintiff's territory, is equal to a restriction on resale. All vertical territorial restrictions are not per se unlawful under antitrust laws. An agreement that a distributor will be the sole and exclusive distributor in a given territory does not establish a per se violation of the Sherman Act (*Akron Tire Supply Co. v Gebr. Hofmann KG,* 390 F Supp 1395; *Top-All Varieties v Hallmark Cards,* 301 F Supp 703). Facts are not presented on the motion to support defendant's claim, and it, therefore, has failed to meet the precondition for a per se violation of the Sherman Antitrust Act. As illegality of a contract will not be presumed, defendant has not proven illegality to the certainty demanded on a motion to dismiss. Defendant lastly contends that the relief sought by plaintiff may only be recovered in a shareholder's derivative action, and cannot be maintained by plaintiff because he has not complied with the Business Corporation Law regarding the maintenance of such actions (Business Corporation Law, § 626). Whether a given action can

be properly classified as a shareholder's derivative action is dependent upon whether the primary injury is to the corporation. Since plaintiff is asserting that he, individually, has been damaged as a result of defendant's breach of its fiduciary duty, there is no basis for requiring him to bring an action as a shareholder. Order affirmed, without costs. Greenblott, J. P., Sweeney, Staley, Jr., Mikoll and Herlihy, JJ., concur.