■ James L. Lewis, Respondent, v Wayne A. Jones et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Smyk, J.), entered May 31, 1984 in Broome County, which denied defendants' motion to dismiss the complaint.

This is the third action commenced by plaintiff, the only minority shareholder of defendant corporations. The first was for dissolution of the corporations pursuant to section 1104-a of

932

the Business Corporation Law. The second was a shareholder's derivative action for waste of corporate assets. Plaintiff's statutory dissolution action was dismissed by Special Term on the ground that plaintiff lacked standing to commence such an action. The shareholder's derivative action is still pending. In the third and instant action, plaintiff seeks common-law dissolution of defendant corporations. Defendants moved to dismiss the complaint, contending that a common-law dissolution action is preempted by a statutory provision (Business Corporation Law, § 1104-a) and that plaintiff's shareholder's derivative action was still pending for the same relief (CPLR 3211, subd [a], par 4). Special Term denied defendants' motion and this appeal ensued.

As a minority shareholder holding less than 20% of the shares in defendant corporations, plaintiff has no standing to commence a statutory action for dissolution under the provisions of section 1104-a of the Business Corporation Law. This is so since only:

"The holders of twenty percent or more of all outstanding shares of a corporation * * * may present a petition of dissolution on one or more of the following grounds:

"(1) The directors or those in control of the corporation have been guilty of illegal, fraudulent or oppressive actions toward the complaining shareholders;

"(2) The property or assets of the corporation are being looted, wasted, or diverted for non-corporate purposes by its directors, officers or those in control of the corporation" (Business Corporation Law, § 1104-a, subd [a]). Thus, plaintiff, who at most owns 19% of the shares in any one of defendant corporations, may not rely on the statutory remedy.

However, the Court of Appeals has recognized a common-law right to dissolution of a corporation by a minority shareholder where the officers or directors of the corporation are engaged in conduct which is violative of their fiduciary duty to shareholders (*Leibert v Clapp,* 13 NY2d 313). There is no minimum share ownership requirement found in the common law (*supra*). Given plaintiff's factual allegations of fraud, misappropriation and use of corporate assets for personal gain, plaintiff is not limited to a shareholder's derivative action on behalf of the corporation as his only remedy. Assuming the allegations herein to be true, plaintiff is in need of a remedy which will assure the recovery of his personal investment in defendant corporations and prevent further misuse by the individual defendants who now have exclusive control and management of the corporations (*supra* at p 316; see *Cowin v Bresler,* 741 F2d 410, 418). Thus, were we to

hold, as defendants urge, that plaintiff is proscribed from presenting a common-law dissolution action, his lack of standing to commence an action for that remedy pursuant to section 1104-a of the Business Corporation Law would leave him without an adequate remedy, a circumstance abhorrent to the common law (see *New York & Brooklyn Suburban Inv. Co. v Leeds,* 100 Misc 2d 1079, 1091).

Finally, we cannot agree with defendants' position that the third action commenced by plaintiff seeking common-law dissolution is precluded by the pendency of the shareholder's derivative suit. It is well recognized that a derivative suit by a shareholder seeks to recover on behalf of the corporation for the waste of corporate assets (*Independent Investor Protective League v Time, Inc.,* 50 NY2d 259, 263). Where the damage claimed is primarily to the shareholder as a result of fiduciary breaches by corporate management, the shareholder may properly sustain a direct action against the corporate defendants (*Chalmers v Eaton Corp.,* 71 AD2d 721, 722-723). In such a situation, a direct action by a shareholder for judicial dissolution of the corporation may be a proper remedy to protect the shareholder's personal stake in the corporation (*Leibert v Clapp, supra,* pp 316-317; *Muller v Silverstein,* 92 AD2d 455 [discussing Business Corporation Law, § 1104-a]).

Before a motion pursuant to CPLR 3211 (subd [a], par 4) is granted, "a comparison must first be made of the allegations of the two complaints to determine whether the suits are indeed for the same cause of action" (*Security Tit. & Guar. Co. v Wolfe,* 56 AD2d 745). Here, an analysis of the allegations set forth in plaintiff's instant complaint demonstrates conclusively that the remedy sought is personal to plaintiff and seeks recovery for personal losses inflicted upon him by reason of defendants' misconduct. This is clearly to be distinguished from the form of relief pursued by plaintiff in the shareholder's derivative suit, which is the only proper form of action when recovery is sought for waste of corporate assets (*Lewis v S. L. & E., Inc.* 629 F2d 764).

On defendants' motion to dismiss the complaint for failure to state a cause of action, we are obliged to review the allegations contained in the complaint in the light most favorable to plaintiff (*Rovello v Orofino Realty Co.,* 40 NY2d 633). In this light, we find the allegations contained in the instant complaint sufficient to state a cause of action for common-law dissolution.

Order affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.