(August 26, 1985)

■ MEYER ACKERMAN et al., Respondents, v MICHAEL LANDES et al., Appellants.—In an action seeking specific performance of an alleged oral joint-venture agreement and damages for the breach thereof, defendants appeal from so much of an order of the Supreme Court, Westchester County (Ruskin, J.), entered January 23, 1984, as denied their motion for partial summary judgment dismissing plaintiffs' first, second, third and fourth causes of action.

Order affirmed insofar as appealed from, with costs.

The plaintiffs have alleged that, together with the defendants, they entered into a joint-venture agreement whereby they sought the acquisition of Century Circuit, Inc., a corporation which owned and operated approximately 28 theatres in the greater New York area. In accordance with the alleged agreement, plaintiffs spent approximately one year evaluating the feasibility of the prospective acquisition and engaging in intense and extensive negotiations regarding the terms of the proposed sale. Plaintiff Ackerman, by virtue of his close relationship with the principal owner and chief executive officer of Century Circuit, Inc., was apparently in a unique and highly advantageous bargaining position vis-à-vis the desired company. Moreover, by virtue of his expertise, he was in a position to inspect and evaluate the theatres operated by Century Circuit, Inc., regarding finances and potential competition, as well as to propose operational changes for implementation upon acquisition. In addition to negotiating and evaluating the proposed acquisition, plaintiffs were to manage and operate the theatres, once acquired. Defendants Landes and Schwartz, for their part, were to procure the requisite financing. The plaintiffs, pursuant to the agreement to share profits and losses, were to receive a 25% aggregate share of the stock in a contemplated corporation which would own and operate the theatres. Century Circuit, Inc., was, in fact, acquired by the defendants via a corporate cash merger with a newly

formed corporation. The defendants, however, have wholly excluded the plaintiffs and have refused to issue them the allegedly agreed-upon shares. The defendants denied having made any agreement whatsoever with the plaintiffs and moved for partial summary judgment dismissing plaintiffs' first four causes of action, contending that the alleged agreement is within the Statute of Frauds and unenforceable.

Initially, we find that plaintiffs have sufficiently alleged a joint-venture agreement which is not subject to the Statute of Frauds (*Chalmers v Eaton Corp.,* 71 AD2d 721; *Eidelberg v Zellermayer,* 5 AD2d 658, *affd* 6 NY2d 815; *Weisner v Benenson,* 275 App Div 324, *affd* 300 NY 669; *Yonofsky v Wernick,* 362 F Supp 1005, 1025). A joint-venture agreement is generally defined as "a 'special combination of two or more persons wherein some specific venture * * * profit is jointly sought without any actual partnership or corporate designation' " (*Forman v Lumm,* 214 App Div 579, 583; *Chalmers v Eaton Corp., supra,* p 722). The essential elements are an agreement manifesting the intent of the parties to be associated as joint venturers, a contribution by the coventurers to the joint undertaking (i.e., a combination of property, financial resources, effort, skill or knowledge), some degree of joint proprietorship and control over the enterprise, and a provision for the sharing of profits and losses (*Yonofsky v Wernick, supra,* pp 1030-1032). Plaintiffs have sufficiently stated an agreement which meets these criteria (*cf. Yonofsky v Wernick, supra,* p 1032 [plaintiff alleged a joint venture whose objective was the acquisition of the Potentiometer Division of the DeJur-Amsco Corporation. Plaintiff's contribution was his ability to influence the sale due to his close relationship with the DeJur-Amsco Corporation management and defendant's contribution was the procurement of financing. If the Potentiometer Division was acquired by the parties, they were to operate the venture through a corporation]).

We find inapplicable the rule that "a mere agreement to take jointly an interest in property is not sufficient to sustain a joint venture" (*Eidelberg v Zellermayer, supra,* p 662), and acknowledge that the legal distinction between a contract for the sale of property and a joint venture "for many years has caused parties desiring to enforce oral contracts for the conveyance of land to endeavor to spell out joint ventures or partnerships [and that the] evidence in litigations of this kind should be scrutinized in order to determine whether the facts warrant a conclusion that a joint venture or partnership was formed" (*Weisner v Benenson,* 275 App Div 324, 325, *supra*).

On this motion, plaintiffs' evidence withstands such scrutiny to the extent that triable issues of fact have been identified.

Defendants' reliance on *Anostario v Vicinanzo* (59 NY2d 662) is misplaced, as that case did not purport to make joint-venture agreements subject to the Statute of Frauds, nor did it purport to invalidate a joint-venture agreement merely because it contemplates a subsequent incorporation to operate the business acquired pursuant to the agreement, for, "[i]t is not unusual for parties to enter into a joint venture agreement, and thereafter to operate their business in corporate form" (*Yonofsky v Wernick, supra,* p 1022). *Anostario* does not represent a departure from prior law but, rather, employed the rule here found inapplicable, that a mere agreement to take jointly an interest in real property is not sufficient to sustain a joint venture, and that the bar of the Statute of Frauds cannot be avoided by an agreement to purchase through a corporate vehicle (*cf. Weisner v Benenson, supra*). Indeed, it is questionable whether the agreement alleged by plaintiffs can be characterized as one to acquire an interest in real property, as the alleged agreement contemplated the eventual purchase of a business, not merely the real property owned by that business.

Even if the Statute of Frauds were applicable to the alleged oral agreement in question, Special Term's denial of partial summary judgment in this case is additionally supported by the existence of triable issues of fact regarding, *inter alia,* whether there was sufficient partial performance by the plaintiffs unequivocally referable to the agreement to remove it from the Statute of Frauds (*see, Ballan v Waterman,* 103 AD2d 789, *lv dismissed* 64 NY2d 773; *Gross v Vogel,* 81 AD2d 576).

Furthermore, plaintiffs have raised triable issues of fact regarding whether or not they have suffered unconscionable injury due to the defendants' acts (*see, American Bartender's School v 105 Madison Co.,* 59 NY2d 716). "[A] promise which the promisor should reasonably expect to induce action or forebearance on the part of the promisee, and which does induce such action or forebearance, is enforceable notwithstanding the Statute of Frauds if injustice can be avoided only by enforcement of the promise" (*D & N Boening v Kirsch Beverages,* 99 AD2d 522, 523, *affd* 63 NY2d 449). "[W]hether the circumstances are so egregious as to render it unconscionable to permit the defendant to invoke the Statute of Frauds are questions that should not be determined on the pleadings, but should await a full determination of the facts upon the

trial" (*Buddman Distribs. v Labatt Importers,* 91 AD2d 838, 839).

Accordingly, whether the alleged agreement is outside the Statute of Frauds or subject to an exception, partial summary judgment was properly denied. Lazer, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.