■ ROBERT R. WEISS, Appellant, v DONALD J. SALAMONE, Respondent.—Order unanimously affirmed, with costs. Memorandum: In this action on a promissory note, plaintiff contends that Special Term erred in denying his motions for partial summary judgment and for dismissal of various defenses and counterclaims. We disagree. Defendant's fourth, fifth and sixth defenses and counterclaims are properly asserted in defense to plaintiff's action and preclude granting plaintiff summary judgment. Plaintiff, as a mere holder of the note, took the instrument subject to all defenses that would be available in an action on a simple contract, including the defense of failure

of consideration (UCC 3-306 [b], [c]). The gravamen of defendant's claims and defenses is that plaintiff acted in a manner which rendered defendant's shares of the corporation valueless, that plaintiff thus breached an implied covenant of good faith not to impair the value of the consideration given by him, and that plaintiff's breach of contract justified defendant in suspending his payments on the note. These are claims that may be asserted as defenses to a contract action and are not barred by the parol evidence rule. The note is not an integrated agreement but is referable to an alleged oral promise by plaintiff to convey corporate shares to defendant. Where only part of a contract has been reduced to a writing, parol evidence is admissible to complete the agreement *(Cooper v Payne,* 186 NY 334, 337-338; *see generally,* Richardson, Evidence § 614 [Prince 10th ed]).

Defendant is entitled to prosecute his counterclaims in his own name. The fact that an act may constitute a wrong to a corporation does not bar a stockholder from obtaining individual redress where the act also constitutes a separate and distinct wrong to the stockholder *(see, General Rubber Co. v Benedict,* 215 NY 18, 22). Since defendant is asserting that he has been damaged individually as a result of plaintiff's breach of contractual and fiduciary duties, defendant is not required to bring an action as a stockholder *(see, Chalmers v Eaton Corp.,* 71 AD2d 721, 723).

While the provision in the note that it is to be repaid at the "prime rate" of interest is not so ambiguous as to render the note unenforceable, the parties' intent in incorporating this term into the note presents a question of fact requiring introduction of extrinsic evidence at trial.

Finally, the court did not err in refusing to dismiss the counterclaims on the ground that they were duplicative of claims asserted in a pending action in Federal court (CPLR 3211 [a] [4]). Plaintiff submitted no proof of the identity of the claims *(see, Security Tit. & Guar. Co. v Wolfe,* 56 AD2d 745). (Appeal from order of Supreme Court, Monroe County, Willis, J.—partial summary judgment.) Present—Dillon, P. J., Denman, Green, O'Donnell and Schnepp, JJ.