■ JAMES L. LEWIS, Respondent, v WAYNE A. JONES et al., Appellants. (And Another Related Action.)—Harvey, J. Appeal from an order of the Supreme Court (Harlem, J.), entered January 17, 1991 in Broome County, which, inter alia, denied certain defendants' motion for a protective order.

Plaintiff, a minority shareholder in all of defendant corporations, commenced a shareholder's derivative action and also an action seeking common-law dissolution of the corporations.[1] Previously, this court affirmed the denial of defendants' motion to dismiss the complaint in the common-law dissolution action and a greater discussion of the background and procedural history of this case can be found in that decision (see, 107 AD2d 931). Since then, plaintiff has attempted to obtain discovery of specified corporate records allegedly essential to the proof of his claims. A motion by plaintiff for additional discovery as to certain documents was subsequently granted, with leave to defendants to move for a protective order as to specifically identified documents alleged to be privileged. Thereafter, in reliance on this order, the corporate defendants herein moved for a protective order as to all requested documents.[2] Plaintiff cross-moved for, among other things, an order compelling disclosure. Supreme Court denied defendants' motion and granted plaintiff's cross motion to the extent of compelling the requested discovery. All defendants now appeal.

We affirm. In our view, Supreme Court correctly determined on this motion that defendants failed in their burden of establishing that the sought-after documents were somehow exempt from disclosure (see, Merrick v Niagara Mohawk Power Corp., 144 AD2d 878, 879). Plaintiff's original discovery request was found to be proper by Supreme Court and defendants did not appeal from that order. Defendants were only given leave to apply for relief from revelation of only specific and identified documents where claims of privilege were made with some particularity. Instead of doing so, however, defendants made mostly broad objections to the discovery request in its entirety. Merely arguing in a conclusory fashion that disclosure of the documents would put defendants at a competitive disadvantage is insufficient to support their claims of privilege. Accordingly, keeping in mind the broad discretion given courts in supervising discovery (see, Van Buren v Columbia Mem. Hosp., 149 AD2d 835, 836), we conclude that there

---

1. A third action for statutory dissolution of the corporations was previously dismissed for lack of standing (see, 107 AD2d 931, 932).

2. We reject plaintiff's contention that the instant motion was improperly brought by the applicable defendants because they failed to perfect an appeal from Supreme Court's original order granting him discovery. Defendants' motion was expressly made pursuant to the provision to do so included in Supreme Court's original discovery order.

was no impropriety in the refusal to grant defendants a protective order.

Weiss, P. J., Yesawich Jr., Crew III and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.