■ KARL SIMON, Appellant, v MAXIMUM SECURITY BROKERAGE, INC., et al., Respondents. [604 NYS2d 180] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Floyd, J.), dated April 3, 1991, which, *inter alia,* (1) denied his motion for summary judgment in his favor on the complaint and to strike the defendants' counterclaim, and (2) upon searching the record, awarded the defendants summary judgment dismissing the complaint pursuant to CPLR 3212 (b).

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied that branch of the plaintiff's motion which was for summary judgment in his favor on the complaint and awarded the defendants summary judgment pursuant to CPLR 3212 (b), and substituting therefor a provision granting that branch of the plaintiff's motion which

was for summary judgment on the complaint; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Suffolk County, for an inquest of damages.

In 1982, the plaintiff and the individual defendant formed the corporate defendant, Maximum Security Brokerage, Inc., an insurance brokerage company. The parties were subsequently found by the New York State Superintendent of Insurance to have engaged in the selling of unauthorized automobile insurance plans. In June 1988 the parties entered into an agreement whereby the plaintiff sold his 50% interest in the corporation to the corporation. In exchange, the plaintiff was to receive $700 per week for 78 weeks. The individual defendant was named as the guarantor of these payments. The plaintiff further agreed to indemnify the defendants "for one-half of the costs" of any amounts assessed by the New York State Department of Insurance and one-half of the costs of any claims of individual claimants arising out of the parties' sale of the unauthorized automobile insurance plans.

After making a number of payments under the contract, the defendants refused to pay any further installments. The defendants claim that they are not obligated to make any further payments because the amounts which they will eventually have to pay to the New York State Department of Insurance and various individual claimants will exceed the balance of the stock purchase price sought by the plaintiff. Consequently, the plaintiff commenced the instant action and thereafter moved for summary judgment. The Supreme Court denied the plaintiff's motion for summary judgment and, upon searching the record, awarded the defendants summary judgment (see, CPLR 3212 [b]). We conclude that the Supreme Court erred in its determination.

The clear and unequivocal language employed by the parties provides the defendants with the right to garnish or withhold the weekly payment to the plaintiff only if a sum certain is held to be due to the New York State Department of Insurance or individual claimants and only if the defendants' payment of the sum certain is structured for payment on a weekly basis. Further, the subject contract clearly provides that the plaintiff's duty to indemnify the defendants arises only upon a fine or individual claim becoming due. The record establishes that the only sum certain which the defendants have been obligated to pay is a $1,500 assessment levied by the New York State Department of Insurance which has been paid in full by the defendants. While the defendants are

entitled to indemnification in the amount of $750, a figure representing one-half of the assessment levied by the New York State Insurance Department, they were not within their rights to withhold any portion of the payments to the plaintiff because the assessment was not paid on a weekly basis.

Accordingly, given the clear and unequivocal language employed by the parties in the subject agreement, the plaintiff's motion papers established his entitlement to summary judgment in his breach of contract action (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324). The defendants' opposition papers wholly failed to establish the existence of material issues of fact (see, Alvarez v Prospect Hosp., supra). Thus, the plaintiff should have been granted summary judgment in his favor on his complaint. However, the matter must be remitted to the Supreme Court, Suffolk County, for an inquest of damages, inter alia, to determine any setoff due to the defendants under their counterclaim.

We have examined the plaintiff's remaining contentions and find them to be without merit (cf., Homburger v Levitin, 130 AD2d 715, 717). Thompson, J. P., Sullivan, Rosenblatt and Ritter, JJ., concur.