■ EMPIRE ASPHALT PAVING CO., INC., Respondent, v TOWN OF KENT, Appellant, et al., Defendant. [625 NYS2d 241] —In an action to recover damages for breach of a construction contract, the defendant Town of Kent appeals from a judgment of the Supreme Court, Putnam County (Dickinson, J.), dated September 8, 1993, which, after a nonjury trial, is in favor of the plaintiff and against it in the principal amount of $358,500.

Ordered that the judgment is affirmed, with costs.

The plaintiff Empire Asphalt Paving Co., Inc. (hereinafter Empire Asphalt), prepared a bid for a construction project in reliance on diagrams included in the bid package. The project involved the construction of a road, a parking lot, and a multi-purpose recreational field. The Town of Kent awarded Empire Asphalt the contract. After the road and parking lot were completed, it was learned that the Town, which had not performed a survey prior to creating the specifications for the construction, did not own part of the property on which the field was to be built. As a result, the field was partially relocated to an area with significantly different terrain, causing Empire Asphalt to incur additional expenses for work which was beyond that which was anticipated in the contract.

Contrary to the Town's contentions, the claims of Empire Asphalt were supported by the evidence. The provision of the contract which requires Empire Asphalt to "waive * * * all claims of any nature due to a misunderstanding of the loca-

tion, character, or other condition surrounding the work" is inapplicable, as there was no misunderstanding between the parties to the contract as to where the Town intended to place the field. Rather, the Town was solely at fault for improperly determining where it wanted to place the field and for indicating in its bid diagrams that the construction was to occur on property which it did not own.

The Town also asserts that Empire Asphalt failed to preserve its claims for damages, as Empire Asphalt failed to make a written demand as required by the contract. The record clearly reflects that the parties waived this provision on every occasion in which either party made a change request. The provision of the contract requiring written modifications was waived in this instance, the parties performed, and Empire Asphalt is entitled to recovery (see, Rose v Spa Realty Assocs., 42 NY2d 338, 343-344; Brois v DeLuca, 154 AD2d 417).

We have reviewed the Town's remaining contentions and find them to be without merit.

As Empire Asphalt did not cross-appeal, we do not reach the contention that it was entitled to an award of interest on the judgment. Miller, J. P., O'Brien, Krausman and Florio, JJ., concur.