■ CAN-AM DEVELOPMENT CORP. et al., Respondents, v MEL-DOR DEVELOPMENT CORP., Appellant, et al., Defendants. [625 NYS2d 600] —In an action to foreclose a mortgage, the defendant appeals from so much of (1) a decision of the Supreme Court, Rockland County (Lefkowitz, J.), dated July 12, 1993, as determined the plaintiffs' motion for summary judgment, and (2) an order of the same court, entered August 19, 1993, as granted the plaintiffs' motion for summary judgment.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

In 1987, the defendant, Meldor Development Corporation

(hereinafter Meldor), entered into a number of mortgage and building loan agreements with City Federal Savings Bank (hereinafter City Federal). Each agreement indicated that it could not be modified orally. In December 1989, the United States Treasury declared City Federal unsound and appointed the Resolution Trust Corporation (hereinafter RTC) as receiver. The RTC immediately formed the City Savings Bank (hereinafter City Savings) and thereafter all mortgages held by City Federal were transferred to City Savings. In March 1990, the maturity date on the mortgages was extended until April 13, 1990. Meldor alleges that there were oral modifications which extended the maturity date until December 31, 1990. The notes were not paid on April 13, 1990.

In September 1990, City Savings was declared insolvent, the RTC was appointed receiver and immediately formed another savings institution under the same name (hereinafter New City Savings), to assume the assets and liabilities of City Savings. New City Savings assigned the subject notes and mortgages to the plaintiff Can-Am Development, which in turn assigned them to the plaintiff Devmore Holdings. In 1993, the plaintiffs commenced this foreclosure action. The plaintiffs moved for summary judgment which was granted by the court on the ground, *inter alia,* that the issue of waiver was barred by the parol evidence rule. We agree.

Evidence of the alleged oral promises to extend the maturity date of the loan agreements by the plaintiffs' predecessors-in-interest is barred by the parol evidence rule. Where, as here, the oral promises are directly contradicted by the unambiguous terms of the parties' mortgage documents which precluded any oral modification, the writing controls *(see, Rose v Spa Realty Assocs.,* 42 NY2d 338). In addition, the prohibition against oral modification was not waived since the alleged partial performance by the predecessors-in-interest was not "unequivocally referable" to the oral modification, the oral modification was never executed, and equitable estoppel was not established *(cf., Rose v Spa Realty Assocs., supra).* Moreover, any defenses raised by the defendant were effectively barred by the General Release executed with the predecessors-in-interest *(see, Appel v Ford Motor Co.,* 111 AD2d 731).

We have reviewed the parties' remaining contentions and find that they are without merit. Bracken, J. P., O'Brien, Santucci and Florio, JJ., concur.