■ TILDEN OF NEW JERSEY, INC., Respondent, v REGENCY LEASING SYSTEMS, INC., et al., Appellants, et al., Defendant. [646 NYS2d 700] —In an action to recover damages, inter alia, for beach of contract, the defendants Regency Leasing Systems, Inc., Regency Leasing Associates II, Steven Kessler and Milton Kessler, appeal from an order of the Supreme Court, Nassau County (McCarty, J.), entered June 12, 1995, which granted the plaintiff's motion for summary judgment dismissing their counterclaim.

Ordered that the order is affirmed, with costs.

In 1981 and 1982, the plaintiff Tilden of New Jersey, Inc. (hereinafter Tilden), entered into two separate but identical loan and security agreements with the defendants Regency Leasing Systems, Inc., and Regency Leasing Associates II (hereinafter collectively referred to as Regency). Tilden agreed to advance funds over time to Regency for the purchase of "exotic and 'high-end' " vehicles for purposes of leasing. As security for the performance of Regency's obligation, Tilden was granted a purchase money security interest in, inter alia, all the vehicles purchased for lease that were financed by Tilden. In addition, Tilden was assigned each of the corresponding leases and payments were remitted directly to Tilden. Tilden retained that portion which represented the required payments

under the security and loan agreements and remitted the balance to Regency. Pursuant to the terms of the loan and security agreements, Regency was liable to Tilden for lease payments that were in default for more than 60 days. Further, if a vehicle was repossessed, Regency was liable for the unpaid balance under the corresponding lease. The defendants Steven Kessler and Milton Kessler (hereinafter the defendants) guaranteed Regency's obligations under the agreements. Tilden commenced this action alleging, *inter alia,* that the defendants failed to make payments on various leases that had been in default for more than 60 days, and that the defendants' continued failure to have made the required payments had resulted in an acceleration of all sums due under the agreements. The defendants interposed an answer containing several affirmative defenses. As a counterclaim, the defendants alleged that the parties' relationship had been transformed from that of debtor-creditor to that of joint venturers, thereby extinguishing the defendants' obligations under the agreements.

The defendants do not dispute that the relationship evidenced by the loan and security agreements, which are clear and unambiguous on their face, is that of debtor-creditor and not that of joint venturers. Nor do they assert that an express oral agreement existed between the parties to form a joint venture. Such an oral modification of the loan and security agreements would be prohibited by the express terms of the agreements and proof thereof would be barred by the parol evidence rule (*see, Namad v Salomon Inc.,* 74 NY2d 751; *Can-Am Dev. Corp. v Meldor Dev. Corp.,* 214 AD2d 695; General Obligations Law § 15-301). Rather, the defendants argue, the parties' course of conduct over an approximately 10-year period evinced an intent to abandon and/or modify the loan and security agreements and to enter into a joint venture. However, even assuming, *arguendo,* that the alleged abandonment or modification of the loan and security agreements was fully executed, or that the conduct of the plaintiff was "unequivocally referable" thereto, thereby rendering such an abandonment or modification enforceable (*see, Rose v Spa Realty Assocs.,* 42 NY2d 338), the defendants have failed to raise a triable issue of fact as to whether a joint venture existed.

The essential elements of a joint venture are "an agreement manifesting the intent of the parties to be associated as joint venturers, a contribution by the coventurers to the joint undertaking (i.e., a combination of property, financial resources, effort, skill or knowledge), some degree of joint

proprietorship and control over the enterprise; and a provision for the sharing of profits and losses" (*Ackerman v Landes,* 112 AD2d 1081, 1082). Here, the defendants have failed to raise a triable issue of fact, *inter alia,* that the parties intended to share profits and losses. Rather, Tilden's actions are consistent with the protection of its position as a creditor. Accordingly, the defendants' counterclaim was properly dismissed (*see, Home Sav. Bank v Arthurkill Assocs.,* 173 AD2d 776). Miller, J. P., Ritter, Santucci and Altman, JJ., concur.