■ EILEEN T. JACOBSON, Plaintiff, v BARRY JACOBSON, Defendant. (Action No. 1.) BARRY JACOBSON, Appellant, v EILEEN T. JACOBSON, Respondent. (Action No. 2.) [647 NYS2d 227] —In two actions, *inter alia,* to enforce various portions of a "settlement agreement" and to compel compliance with alleged oral modifications of such agreement, which actions were consolidated for trial, the former husband appeals from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered August 9, 1995, as dismissed the second and third causes of action asserted in his complaint in Action No. 2.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties were divorced in 1988. As part of the divorce they entered into a "settlement agreement", which provided, *inter alia,* that the parties would share the expenses for their daughter's "Bat-Mitzvah" reception in proportion to their respective incomes. The settlement agreement further provided that it could not be modified or changed except by a signed writing. This settlement agreement was incorporated but not merged into the divorce decree. After the daughter's "Bat-Mitzvah" reception, the former husband commenced Action No. 2 in which he sought, *inter alia,* to compel his former wife to pay 50% of the "Bat-Mitzvah" expenses pursuant to an alleged oral agreement of the parties. The former wife moved to dismiss, *inter alia,* the second and third causes of action which

sought to compel such payment. The Supreme Court dismissed those causes of action, finding that they were barred by the clause in the settlement agreement prohibiting oral modification thereof. The former husband appeals from that portion of the order.

The Supreme Court properly granted the former wife's motion to dismiss her former husband's second and third causes of action. It is undisputed that the settlement agreement contained a clause which specifically prohibited its modification or waiver except by a properly signed writing. This was sufficient to make a prima facie showing that the ex-wife was entitled to summary judgment dismissing the second and third causes of action, which are based upon alleged oral modifications or waivers of the settlement agreement (see, Can-Am Dev. Corp. v Meldor Dev. Corp., 214 AD2d 695; see also, Rose v Spa Realty Assocs., 42 NY2d 338; Empire Asphalt Paving Co. v Town of Kent, 214 AD2d 533). The burden therefore shifted to the former husband to show a triable issue by demonstrating the existence of sufficient evidentiary facts (see generally, Alvarez v Prospect Hosp., 68 NY2d 320; Zuckerman v City of New York, 49 NY2d 557). Since the former husband failed to present such proof, the Supreme Court properly dismissed those causes of action (see, Zuckerman v City of New York, supra; Key Bank v List, 225 AD2d 669; Sloan v Village of Hempstead, 223 AD2d 662).

The former husband's remaining contentions are either without merit or unpreserved for appellate review. Miller, J. P., O'Brien, Sullivan and Florio, JJ., concur.