■ BANK OF SMITHTOWN, Respondent, v THOMAS BOGLINO et al., Appellants, et al., Defendants. [678 NYS2d 640] —In an action, *inter alia,* to foreclose a mortgage, the defendants Thomas Boglino and Lisa Boglino appeal from (1) an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 30, 1996, which granted the branch of the plaintiff's motion which was to dismiss their counterclaims, (2) a judgment of foreclosure of the same court, dated November 18, 1996, (3) an order and resettled and amended judgment of foreclosure (one paper) of the same court, dated September 9, 1997, and (4) an order of the same court, also dated September 9, 1997, which denied the appellants' motion to vacate the judgment of foreclosure.

Ordered that the appeal from the order dated July 30, 1996, is dismissed; and it is further,

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the order and resettled and amended judgment of foreclosure; and it is further,

Ordered that the order and resettled and amended judgment of foreclosure and the order dated September 9, 1997, are affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs; and it is further,

Ordered that the counsel for the appellants and the respondent are directed to show cause why an order should not be made and entered imposing such sanctions or costs, if any, on the appellants and their counsel pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by filing an original and four copies of their respective affirmations or affidavits on that issue in the office of the Clerk of this Court and serving one copy of the same on each other on or before November 16, 1998.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the order and resettled and amended judgment of foreclosure (*see,* CPLR 5501 [a] [1]).

The Supreme Court properly granted summary judgment to the plaintiff mortgagee (hereinafter the bank), dismissing all defenses and counterclaims asserted by the defendant mortgagors. The mortgagors' vague and conclusory allegations of an

oral representation which purportedly suspended their payment obligations under the terms of the subject mortgage and notes are insufficient to defeat the bank's motion (*see, Zuckerman v City of New York*, 49 NY2d 557; *Bennell Hanover Assocs. v Neilson*, 215 AD2d 710; *Flintkote Co. v Bert Bar Holding Corp.*, 114 AD2d 400). Moreover, where, as here, the alleged oral modifications are directly contradicted by the unambiguous terms of the parties' agreements which preclude any oral modification, the writing controls (*see, Rose v Spa Realty Assocs.*, 42 NY2d 338; *Can-Am Dev. Corp. v Meldor Dev. Corp.*, 214 AD2d 695).

The mortgagors' remaining contentions are equally without merit. Indeed, review of the record and of all of the prior proceedings in this case supports a determination that the mortgagors' conduct throughout this proceeding has been patently frivolous and undertaken primarily to delay or prolong the resolution of the litigation. Accordingly, counsel for the mortgagors and the mortgagee are directed to file an affirmation upon the issue of why sanctions should not be imposed on the mortgagors pursuant to 22 NYCRR 130-1.1. Rosenblatt, J. P., Miller, Goldstein and McGinity, JJ., concur.