■ JOSEPHINE GOMES, Respondent, v ROBERT GOMES, Appellant. [757 NYS2d 566] —In a matrimonial action in which the parties were divorced by judgment entered January 13, 1998, the defendant appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Suffolk County (McNulty, J.), dated July 31, 2001, as denied his cross motion to reform the parties' stipulation of settlement and granted those branches of the plaintiff's motion which were to enforce the parties' stipulation of settlement to the extent of directing entry of a judgment in stated sums for arrears in maintenance, life insurance premiums, and mortgage payments, and for an award of an attorney's fee, and (2) an amended order of the same court, dated August 29, 2001, as granted the same relief.

Ordered that the appeal from the order dated July 31, 2001, is dismissed, as that order was superseded by the order dated August 29, 2001; and it is further,

Ordered that the order dated August 29, 2001, is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were to enforce the parties' stipulation of settlement to the extent of directing entry of a judgment for arrears in life insurance premiums, and for an award of an attorney's fee; as so modified, the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In 1996 the parties entered into a stipulation of settlement

(hereinafter the stipulation) which was incorporated but not merged into the judgment of divorce. The stipulation provided, inter alia, that the defendant would pay the plaintiff maintenance in the sum of $1,000 per week and maintain certain life insurance policies which were listed in the stipulation. The parties disagree as to whether the stipulation also required the defendant to make the mortgage payments on the plaintiff's residence in Florida and whether the stipulation entitled the plaintiff to proceeds from the sale of one of the defendant's business entities, named "Kel Car." The stipulation contained a "no oral-modification" clause.

Subsequently, the plaintiff moved, inter alia, to hold the defendant in contempt for failing to comply with the maintenance, life insurance, and mortgage provisions of the stipulation. The Supreme Court granted the plaintiff's motion to the extent of directing entry of a judgment in her favor and against the defendant for the claimed arrears. The defendant appeals.

Contrary to the defendant's contentions, the Supreme Court properly awarded the plaintiff the claimed arrears in maintenance. The clause in the stipulation expressly prohibiting its modification or waiver except by a properly-signed writing was sufficient to establish prima facie that the plaintiff was entitled to summary judgment (*see Gower v Gower,* 240 AD2d 632 [1997]; *Jacobson v Jacobson,* 231 AD2d 494 [1996]). The burden therefore shifted to the defendant to show the existence of a triable issue of fact (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). The defendant failed to meet that burden by demonstrating that his performance of an alleged oral agreement, modifying the written stipulation, was unequivocally referable to such agreement. Indeed, the record indicates other motivations for the defendant's conduct (*see Gower v Gower, supra; Jacobson v Jacobson, supra*).

Furthermore, the Supreme Court properly determined that the defendant was responsible for making the mortgage payments on the plaintiff's Florida residence. The stipulation of settlement, read as a whole to determine its purpose and intent (*see e.g. W.W.W. Assoc. v Giancontieri,* 77 NY2d 157 [1990]; *Rentways v O'Neill Milk & Cream Co.,* 308 NY 342 [1955]), plainly manifests the intention of the parties that the defendant would continue to pay the mortgage on the Florida residence until the marital residence was sold and the proceeds applied to satisfy the mortgage on both that residence and the Florida residence.

However, the Supreme Court should have held a hearing to determine the amount of arrears owed by the defendant with respect to the life insurance premiums. The plaintiff failed to provide sufficient proof to establish, as a matter of law, that she was entitled to the amount claimed.

Furthermore, the Supreme Court erred in awarding the plaintiff an attorney's fee without first conducting a hearing to explore the relative financial conditions of the parties and the attorney's claim for a fee (*see Gaudette v Gaudette,* 234 AD2d 619 [1996]; *Kelly v Kelly,* 223 AD2d 625 [1996]).

The defendant's remaining contentions either are without merit or unpreserved for appellate review. Santucci, J.P., Friedmann, Luciano and Rivera, JJ., concur.