■ Anthony Clarke, Respondent, v Sky Express, Incorporated, et al., Defendants, and Ivy Media Corporation, Doing Business as GotoBus.com, Appellant. [989 NYS2d 87]—

In an action, inter alia, to recover damages for wrongful death and conscious pain and suffering, the defendant Ivy Media Corporation, doing business as GotoBus.com, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Nahman, J.), dated September 14, 2012, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's decedent died as a result of injuries she sustained when a bus in which she was a passenger was involved in an accident in North Carolina. The bus allegedly was owned by the defendant Sky Express Incorporated (hereinafter Sky), and the decedent had purchased her bus ticket from the defendant Ivy Media Corporation, doing business as GotoBus.com (hereinafter Ivy), an online ticket vendor. The plaintiff subsequently commenced this action to recover damages for the decedent's wrongful death and conscious pain and suffering against Sky, Ivy, and various other tour bus entities, alleging, inter alia, that they were engaged in a joint venture and were jointly and severally liable for the accident. The Supreme Court denied that branch of Ivy's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action.

The elements of a joint venture are an agreement of the parties manifesting their intent to associate as joint venturers, mutual contributions to the joint undertaking, some degree of joint control over the enterprise, and a mechanism for the sharing of profits and losses (*see Commander Terms. Holdings, LLC v Poznanski*, 84 AD3d 1005, 1009 [2011]; *Tilden of N.J. v Regency Leasing Sys.*, 230 AD2d 784, 785-786 [1996]; *Ackerman v Landes*, 112 AD2d 1081, 1082 [1985]). Construing the plaintiff's complaint liberally, accepting the facts alleged therein as true, and according the plaintiff the benefit of every possible

favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]), the Supreme Court properly determined that the complaint adequately alleged the elements of a joint venture (*see generally Ackerman v Landes*, 112 AD2d at 1082). Accordingly, that branch of Ivy's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it was correctly denied. Mastro, J.P., Skelos, Cohen and LaSalle, JJ., concur.