Laskaratos v Bay Ridge Hoyt Lender, LLC (2020 NY Slip Op 04152)





Laskaratos v Bay Ridge Hoyt Lender, LLC


2020 NY Slip Op 04152


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-10874
 (Index No. 503392/16)

[*1]Irini Laskaratos, etc., appellant, 
v
Bay Ridge Hoyt Lender, LLC, et al., respondents.


Peter C. Lomtevas, Brooklyn, NY, for appellant.
Goldberg Weprin Finkel Goldstein LLP, New York, NY (Matthew Hearle of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 3, 2018. The judgment, upon an order of the same court dated July 28, 2017, granting the defendants' motion for summary judgment dismissing the complaint and on their counterclaims for a deficiency judgment and an award of attorneys' fees, is in favor of the defendants and against the plaintiff in the sum of $979,932.62.
ORDERED that the judgment is affirmed, with costs.
On or about October 15, 2014, the plaintiff and her limited liability company Konstan Realty, LLC (hereinafter Konstan Realty), entered into a loan agreement as borrowers with the defendant Bay Ridge Hoyt Lender, LLC (hereinafter Lender), for the sum of $1,525,000. The plaintiff pledged and guaranteed, inter alia, her 100% interest in Konstan Realty as collateral for the loan. The plaintiff defaulted on her January 2015 loan payment. The plaintiff contends that Davin Vounasis, an agent of Lender, advised her that she could forego paying the January 2015 installment because she was in the process of refinancing the loan. The defendants foreclosed on the plaintiff's 100% ownership interest in Konstan Realty and offered the interest for sale at a public auction. Lender purchased the interest in Konstan Realty, reportedly for $10,000.
The plaintiff commenced the instant action alleging, inter alia, breach of contract on the basis of the defendants' purported failure to conduct a commercially reasonable sale under the UCC, as required under the loan agreement. The defendants moved for summary judgment dismissing the complaint and on their counterclaims for a deficiency judgment and an award of attorneys' fees. The Supreme Court granted the motion, and an inquest was held on the defendants' counterclaims for a deficiency judgment and an award of attorneys' fees. The court, relying upon the defendants' expert appraiser, determined that the value of the collateral was $1,650,000, which was to be set off against the debt owed, and awarded the defendants attorneys' fees in the sum of $212,717.90. The plaintiff appeals from the judgment entered following the inquest.
The defendants established their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging breach of contract and breach of the implied covenant [*2]of good faith and fair dealing by submitting evidence showing that the plaintiff entered into a loan agreement with Lender and guaranteed the loan by pledging, among other things, her shares in Konstan Realty, that the plaintiff defaulted on the loan agreement by failing to make payments starting in January 2015, that Lender exercised its right to sell the shares of Konstan Realty at public auction, and that Lender adhered to the terms and conditions imposed by the loan agreement and security pledge upon the plaintiff's default (see Staffenberg v Fairfield Pagma Assoc., L.P., 95 AD3d 873; see generally Canzona v Atanasio, 118 AD3d 837). The defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging promissory or equitable estoppel by demonstrating the existence of a valid and enforceable written loan agreement and security pledge (see Pacella v Town of Newburgh Volunteer Ambulance Corps., Inc., 164 AD3d 809). The defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging tortious interference with the plaintiff's economic expectancy by demonstrating that they did not interfere with the anticipated refinancing of the loan and, instead, provided the plaintiff with the requested documents to assist in the refinancing closing (see NBT Bancorp v Fleet/Norstar Fin. Group, 87 NY2d 614, 621).
In opposition, the plaintiff proffered only conclusory and unsupported allegations. Bald, conclusory assertions, which are unsupported by the record, are insufficient to defeat summary judgment (see S.J. Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338, 342; Orellana v 7 W. 34th St., LLC, 173 AD3d 886). In addition, the plaintiff admitted that she failed to make the January 2015 payment, which constitutes a default under the loan agreement. The plaintiff's contention that she relied to her detriment upon an alleged discussion with Lender's agent, wherein he advised that because of an anticipated refinancing of the loan, Lender would accept payoff of the loan at the closing of the refinancing in lieu of the plaintiff making the payment due for January 2015, contradicts a contemporaneous email sent by Lender to the plaintiff. In any event, pursuant to the loan agreement, no modification or waiver of any provision therein was effective unless in writing signed by the party against whom enforcement is sought (see Bank of Smithtown v Boglino, 254 AD2d 319). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment.
Contrary to the plaintiff's contention, an inquest on damages was proper upon the grant of summary judgment (see e.g. Simon v Maximum Sec. Brokerage, 198 AD2d 491). The plaintiff's contention that the report proffered by the defendants' expert appraiser was inadmissible and insufficient to establish the value of the collateral is unpreserved for appellate review. The plaintiff's remaining contentions are without merit.
SCHEINKMAN, P.J., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court