■ Joseph J. Harris, Plaintiff, v Sam Bonacci, Jr., et al., Defendants and Third-Party Plaintiffs-Respondents. Richard E. Chase, Third-Party Defendant-Appellant, et al., Third-Party Defendants. — Judgment unanimously modified, on the law and facts, and, as modified, affirmed, without costs, in accordance with the following memorandum: In 1974 Tri-County Realty Corp. conveyed 22 acres of land to the Bonaccis. The deed described the land as located on the *east* side of High Street. This was in error, for the abstract of title shows that the 22-acre

parcel was located on the *west* side of High Street. The mistake in the description first occurred in a 1961 deed given by the County Treasurer pursuant to a tax sale to one Shapiro, the predecessor in title to Tri-County Realty.

In 1979 the Bonaccis contracted to sell the land to Joseph Harris, who was represented by an attorney, Chase. After the contract was entered into, Chase agreed to represent the sellers, the Bonaccis, as well as the buyer, Harris. Chase failed to report the defect in the title to either Harris or the Bonaccis and Harris paid the purchase price of $12,000 and title was closed. After the closing, Chase informed the Bonaccis of the mistaken description and told them that they could either refund the purchase price to Harris or proceed with an action to establish good title to the property as deeded to Harris. When the Bonaccis refused, Harris sued the Bonaccis for the return of the purchase price and incidental damages and the Bonaccis impleaded Tri-County Realty, Dattilo, the attorney who represented them on the purchase from Tri-County Realty, and Chase. After suit was commenced against them for the return of the purchase price, the Bonaccis obtained a quitclaim deed from the County Treasurer, correcting the error in the deed description, and thereafter brought an action to eject the occupants of the land on the *west* side of High Street. They lost this action since the county had previously sold that land to the occupants.

Harris was granted summary judgment in his action against the Bonaccis. Tri-County Realty and Dattilo settled with the Bonaccis and their third-party action against Chase went to the jury. The jury found that Chase was negligent as attorney for the Bonaccis for failing to inform them of a material issue of marketability of title known to him or reasonably discoverable by him prior to delivery of the deed; that the Bonaccis were damaged in the amount of the legal fees paid to Chase; and that the legal expenses incurred by the Bonaccis in attempting to eject the occupants of the land on the *west* side of High Street were reasonable in an effort to mitigate their damages. After the jury verdict, the court assessed damages against Chase in the amount of $172.13, the legal fees and disbursements paid by the Bonaccis to Chase, and the amount of $4,323.60, the fees and expenses incurred by the Bonaccis in the unsuccessful ejectment action.

Chase appeals, claiming first that as attorney for the Bonaccis, as sellers, he owed no duty to examine title to the property to discover defects. Nevertheless, under the charge given by the court, the jury had the right to find Chase negligent, for the court told the jury that "Chase was not retained to nor was he

under obligation to examine the title involved for defect on behalf of the Plaintiffs [the Bonaccis] but that if a defect in title was discovered or should have been discovered, then there was a duty to report such a knowledge to his client." From the evidence, the jury could have found that Chase either discovered or should have discovered the defect before the closing and failed to report it to the Bonaccis.

We agree with Chase's second contention, however, that he is not responsible for the damages incurred in bringing the ejectment action against the occupants of the land on the *west* side of High Street. Before the Bonaccis retained Chase, they had already contracted to sell the land on the *east* side of High Street. The Bonaccis' ejectment action, brought to establish title to land on the *west* side of High Street, was not occasioned by any negligence on the part of Chase in failing to avert the closing. It cannot be said that the Bonaccis, by seeking to perfect title to property on the *west* side of the street, did so to fulfill any obligation incurred by their conveyance to Harris of property on the *east* side of the street. They did so to mitigate the damages caused by their failure to obtain good title from Tri-County Realty Corp. Moreover, the Bonaccis incurred no further obligation to Harris by reason of the transfer of title than they did by reason of the contract to sell, except of course the obligation to return to Harris the purchase price and to reimburse him for the expenses of the closing. Since Chase is not responsible to the Bonaccis for the defect in the title nor for the execution of the contract of sale, he is not responsible for damages occasioned thereby, but is responsible only for the additional damages incurred by the Bonaccis by reason of the closing, which, under the proof, amounts to $172.13.

The judgment is modified, therefore, by reducing the amount of damages to $172.13, together with the costs and disbursements. (Appeal from judgment of Supreme Court, Wayne County, Willis, J. — legal malpractice.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and O'Donnell, JJ.