■ Town of Hempstead, Respondent, v Lizza Industries, Inc., Appellant.—In an action to recover damages for injury to the plaintiff's water mains and facilities allegedly caused by the defendant's breach of contract, negligence, trespass, and violation of General Business Law article 36, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Morrison, J.), dated September 28, 1987, as, *inter alia,* denied its motion for partial summary judgment made on the ground that certain claims were barred by the Statute of Limitations.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant is a contractor which allegedly installed sewers beneath the plaintiff's in-ground water mains, pursuant to contracts with Nassau County which is not a party to this action, from 1979 to 1984. Between January 1979 and May 1985, 160 water main breaks occurred in areas excavated and backfilled by the defendant. In April 1985 the plaintiff began this action to recover damages in connection with the water main breaks based, *inter alia,* on the defendant's alleged failure to protect and provide adequate support for the water mains. The plaintiff claims that it is a third-party beneficiary of the contract and its complaint seeks recovery on theories of breach of contract, negligence, trespass and violation of General Business Law article 36. The defendant moved to dismiss plaintiff's claims on the ground that they were barred by the Statute of Limitations (CPLR 214 [4]; 213 [2]).

We agree with the trial court that the principal issue presented concerns the applicability of the six-year Statute of Limitations. Since the plaintiff allegedly is a third-party beneficiary of the defendant's contract with the county, and since the complaint alleges that the defendant failed to perform its contractual obligations properly and that the breach caused the plaintiff's harm, the plaintiff's rights, if any, could arise from the agreement and the six-year Statute of Limitations would apply (CPLR 213 [2]; *Sears, Roebuck & Co. v Enco Assocs.,* 43 NY2d 389; *Baratta v Kozlowski,* 94 AD2d 454). The defendant contends that the plaintiff's allegations arise from common-law or statutory duties and not from the contract and therefore should be subject to a three-year limitations period. However, the defendant has not submitted the contract and has not established, as a matter of law, that the alleged contractual obligations add nothing to the defendant's preexisting common-law or statutory duty (*cf., European Am. Bank v Cain,* 79 AD2d 158).

We have reviewed the defendant's additional contentions and find that they are not properly before this court (*see, Rohdie v Michael Guidice, Inc.,* 132 AD2d 541) or are without merit. Kunzeman, J. P., Weinstein, Rubin and Kooper, JJ., concur.