■ TAMBRANDS, INC., Respondent-Appellant, v LOCKWOOD GREENE ENGINEERS, INC., et al., Appellants-Respondents.—In an action to recover damages for breach of contract and professional malpractice, (1) the defendant Independent Testing Laboratories, Inc., appeals from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), dated October 10, 1989, as denied that branch of its motion which was for summary judgment dismissing the third cause of action asserted in the complaint, seeking damages for breach of contract, (2) the defendant Lockwood Greene Engineers, Inc., separately appeals, as limited by its brief, from so much of the

same order as denied that branch of its separate motion which was for summary judgment dismissing the first cause of action asserted in the complaint, seeking damages for breach of contract, and (3) the plaintiff cross-appeals from so much of the same order as granted that branch of the motion of the defendant Independent Testing Laboratories, Inc., which was for summary judgment dismissing the fourth cause of action asserted in the complaint, seeking damages for professional malpractice.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, that branch of the motion of the defendant Independent Testing Laboratories, Inc., which was for summary judgment dismissing the fourth cause of action asserted in the complaint is denied, and that cause of action is reinstated; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff commenced this action to recover damages it allegedly sustained as a result of the failure of the defendants Lockwood Greene Engineers, Inc. (hereinafter LGE) and Independent Testing Laboratories, Inc. (hereinafter ITL), to detect the presence of asbestos in a sample of fireproofing material removed from premises leased by the plaintiff. The complaint asserted causes of action sounding in breach of contract and professional malpractice against each of the defendants. Upon the separate motions of ITL and LGE for summary judgment, the Supreme Court dismissed the second and fourth causes of action to recover for professional malpractice, but found that the existence of triable issues of fact precluded the granting of summary judgment with respect to the first and third causes of action. We now modify the order by reinstating the fourth cause of action, seeking damages for professional malpractice against ITL.

The defendants contend that their purported breach of contract was not the proximate cause of any damages incurred by the plaintiff, inasmuch as it had already entered into a lease for the subject premises and was bound by its terms prior to its receipt of the allegedly erroneous laboratory report from ITL. Accordingly, they maintain that the court erred in denying summary judgment with respect to the breach of contract claims. We disagree. Pursuant to section 42A of the lease, the plaintiff had until 10 days after taking occupancy of the premises within which to notify the lessor of

an unsatisfactory condition therein. Inasmuch as the plaintiff claims that it did not take occupancy of the premises until several months after receiving the laboratory report, it is clear that the plaintiff could have provided the lessor with timely notice of the presence of asbestos had the laboratory report reflected such a condition. Hence, triable issues of fact exist regarding whether the presence of asbestos at the premises constituted an "unsatisfactory condition" within the meaning of the lease, and whether the lessor would have been required to remedy the condition or to relieve the plaintiff of its contractual obligations upon the receipt of such notice. Additionally, triable issues of fact exist with respect to whether the presence of asbestos at the premises rendered it difficult or impossible for the plaintiff to sublet the premises to another tenant prior to the termination of the lease, and if so, as to whether the defendants are answerable in damages therefor. Similarly, the plaintiff has succeeded in demonstrating that triable issues of fact exist with respect to its claim that it is a third-party beneficiary of the agreement entered into by LGE and ITL for the testing of the fireproofing sample *(see generally, Key Intl. Mfg. v Morse/Diesel, Inc.,* 142 AD2d 448). Accordingly, the denial of summary judgment with respect to the causes of action sounding in breach of contract was appropriate *(see generally, Zuckerman v City of New York,* 49 NY2d 557). Moreover, we cannot say that the damages sought by the plaintiff are speculative as a matter of law.

We reject ITL's contention that, in the absence of contractual privity, the plaintiff cannot maintain a professional malpractice claim against it. It is well settled that such a claim may be asserted absent privity of contract where the relationship of the parties is "so close as to approach that of privity" *(Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417, 424; *see, Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536, *mod on other grounds* 66 NY2d 812; *Glanzer v Shepard,* 233 NY 236). The limited evidence in the record before us, including the laboratory report itself and the affidavit of LGE's project manager, suffices to raise factual issues regarding ITL's understanding that the plaintiff was relying on the report for the purpose of determining whether asbestos was present in the fireproofing material at the subject premises *(see, Ossining Union Free School Dist. v Anderson LaRocca Anderson, supra,* at 425).

We further reject ITL's contention that the malpractice claim against it should be dismissed as untimely. While such a claim is generally governed by the three-year limitations

period set forth in CPLR 214 (6), it is well settled that where, as here, the alleged malpractice "arose out of the contractual relationship of the parties" *(Sears, Roebuck & Co. v Enco Assocs.,* 43 NY2d 389, 396), the claim is instead controlled by the six-year contract Statute of Limitations *(see, Sears, Roebuck & Co. v Enco Assocs., supra; Ralston Purina Co. v McKee & Co.,* 158 AD2d 969; *Bloom v Kernan,* 146 AD2d 916; *Town of Hempstead v Lizza Indus.,* 145 AD2d 628). Inasmuch as the plaintiff premises the malpractice cause of action upon ITL's purported failure to exercise due care in the performance of an agreement of which the plaintiff claims to be a third-party beneficiary, the malpractice claim is not time-barred. However, "because this action was not commenced within three years after accrual of the * * * claims, proof on the issue of damages should be limited to that admissible under the law of damages for contract liability" *(Sears, Roebuck & Co. v Enco Assocs., supra,* at 396). Hence, the plaintiff is limited to the recovery of contract damages on its claim for professional malpractice because that claim was not asserted within the limitations period set forth in CPLR 214 (6). Moreover, the plaintiff's attempt to invoke the extension provided in CPLR 214-c is to no avail, as the malpractice claim is not one to recover "for personal injury or injury to property caused by the latent effects of exposure to [asbestos]" (CPLR 214-c [2]).

We note that the plaintiff has not cross-appealed from that portion of the order which dismissed the professional malpractice claim asserted against LGE.

The parties' remaining claims are either without merit or need not be reached in view of our disposition of the foregoing issues. Mangano, P. J., Bracken, Sullivan and Harwood, JJ., concur.