■ Leo W. Wells, Respondent, v Rolf O. Ronning et al., Defendants, and James R. Leach, Jr., Appellant. [702 NYS2d 718] —Mugglin, J. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered October 1, 1998 in Washington County, upon a decision of the court in favor of plaintiff against defendants Gull Bay Estates, Inc. and James R. Leach, Jr.

This action seeking specific performance of an agreement or, in the alternative, money damages was originally commenced on October 6, 1988. In August 1996, plaintiff moved for summary judgment against defendants Gull Bay Estates, Inc. and Rolf O. Ronning and for permission to add James R. Leach, Jr. as a defendant. Supreme Court, as a result of Gull Bay's failure to oppose the motion, granted summary judgment as to liability against it and granted permission to add Leach as a defendant.* In April 1997, plaintiff served an amended complaint which added Leach as a party defendant, eliminated any cause of action for specific performance because the property in question had previously been conveyed to the Town of Putnam in Washington County, and requested money damages of $200,000. The amended complaint alleged that during the pendency of this lawsuit, Leach became the sole shareholder of Gull Bay, as the corporation was dissolved leaving Leach as the successor in interest to the corporation.

In his answer, Leach denied the material allegations of the complaint and interposed affirmative defenses of the Statute of Frauds, lack of consideration and unenforceability of the agreement resulting from the lack of a specific description of the property to be conveyed. Following joinder of issue, plaintiff sought and was awarded summary judgment against Leach, Supreme Court finding that his affidavit in opposition to the motion for summary judgment acknowledged the existence of the agreement. A trial on the issue of damages resulted in an award of $90,000, plus interest, to plaintiff against Gull Bay and Leach. Leach now appeals this judgment, contending that Supreme Court erroneously granted summary judgment against him on the issue of liability and that the award of damages lacks evidentiary support.

---

* No judgment was entered against the corporation at that time.

The agreement in question provided as follows: "I, Rolf O. Ronning, President of Gull Bay Estates Inc., hereby promise to convey to [plaintiff] a minimum of a three acre lot on the North side of Gull Bay Road on property that we own. This lot will have a lake view and conveyance of title will be as soon as we receive APA approval." The document was signed by Ronning as president of Gull Bay and witnessed by Ernest Kish. Although Leach interposed certain affirmative defenses in his answer, he failed to oppose plaintiff's motion for summary judgment by proffer of any competent admissible evidence in support of any affirmative defense. Leach's affidavit in opposition to the motion for summary judgment simply asserted that neither he nor Gull Bay was in default of the agreement with plaintiff, that he stood ready to convey to plaintiff any designated regularly shaped three-acre parcel from the remaining lands of Gull Bay, and that the request for damages in the sum of $100,000 was incredible. Supreme Court, in its letter decision dated January 9, 1998, construed this affidavit in opposition to the motion for summary judgment as a concession of the existence of the agreement and granted plaintiff summary judgment on the issue of liability.

On a motion for summary judgment, it is the obligation of the movant to come forward with competent, admissible evidence establishing a prima facie entitlement to judgment (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). Once this burden has been met, it becomes incumbent upon the opponent to come forward with competent, admissible evidence creating a genuine triable issue of fact (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). Thus, plaintiff was obligated to prove not only the agreement in question but also the specific parcel intended to be the subject of the agreement. Supreme Court erroneously concluded that the portion of Leach's affidavit which acknowledged the existence of the agreement constituted an admission of liability and also waived the affirmative defense of the Statute of Frauds as it pertains to the sufficiency of the identification of the real property to be conveyed. Since Leach's affidavit alludes to other three-acre parcels which would satisfy the terms of the agreement with plaintiff, the identification of the specific parcel intended to be conveyed becomes an issue of fact which precludes the grant of summary judgment.

Further, although Leach concedes the existence of the agreement, this concession is not tantamount to a waiver of the Statute of Frauds (*see, Williams v Lynch,* 245 AD2d 715, *appeal dismissed* 91 NY2d 957). An agreement which creates an

interest in real property (*see*, General Obligations Law § 5-703 [2]) must describe the property involved with sufficient definiteness to permit it to be identified with reasonable certainty (*see*, *Conway v Maher*, 185 AD2d 570, 572). Once this test is met, parol evidence is admissible to enable the court to identify precisely the property to which the contract relates (*see*, *Frank v Katz*, 145 AD2d 597, 598). Supreme Court recognized the existence of this issue of fact by allowing evidence seeking to identify the specific parcel at the damage trial.

Supreme Court improperly concluded that personal liability could be imposed against Leach on the basis of his affidavit opposing plaintiff's motion for summary judgment. In its January 9, 1998 decision, Supreme Court mischaracterized the contract as having been between defendants and plaintiff, when it was between Gull Bay and plaintiff. Also, because Leach admitted that plaintiff was entitled to a three-acre parcel, Supreme Court held that "[a]s this is specifically what the plaintiff requests in this motion, the issue of liability is established and the only remaining issue is one of damages."

First, this holding overlooks the amendment of the complaint which deleted any cause of action for specific performance and seeks only money damages, and, second, it ignores the distinction between personal liability and liability as the sole shareholder of a dissolved corporation. Plaintiff's complaint seeks to assess personal liability against Leach for a corporate debt on a "successor in interest" theory. According to plaintiff, this theory of liability arises because Gull Bay was voluntarily dissolved and Leach, as the sole shareholder and recipient of the corporate assets, became personally responsible for the debts of the corporation. Upon dissolution of the corporation, after the payment of or provision for all liabilities the remaining assets may be distributed to the shareholders (*see*, Business Corporation Law § 1005 [a] [3] [A]). A corporation continues to exist, while undergoing dissolution, for so long as is necessary to satisfy its debts and it may sue or be sued until its business affairs are fully adjusted (*see*, *Matter of Rodgers v Logan*, 121 AD2d 250, 253). Until dissolution is complete, the corporation continues to hold title to the assets (*see*, Business Corporation Law § 1006 [a] [1]). After dissolution, shareholders who have received distribution of remaining assets of the corporation hold these assets in trust for the benefit of creditors. Normally, a creditor must exhaust his or her remedies against the corporation by obtaining a judgment against it and having it returned unsatisfied. Where this is impossible or futile, an action may be maintained directly against the direc-

tors or shareholders to the extent that they received from or continue to hold assets which were the corporation's (*see, Matter of Rodgers v Logan, supra,* at 253).

Here, the details of the corporate dissolution are minimal and the record suggests that title to the sole asset of the corporation—approximately 479 acres of land north of Gull Bay Road—remains in the corporation. Clearly, there are unresolved factual issues concerning the personal liability of Leach. Finally, if Supreme Court premised personal liability of Leach on a theory of piercing the corporate veil, we note that plaintiff at no time made this request and Supreme Court failed to make the necessary underlying factual findings for application of this doctrine (*see generally, Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 141-142).

With respect to the issue of damages, since Gull Bay did not oppose plaintiff's motion for summary judgment and did not appeal from the entry of the order, the hearing held by Supreme Court can properly be viewed as an inquest for damages against the corporation and judgment may be entered for the amount awarded as it is supported by the evidence in the record. However, for the reasons hereinabove expressed, that portion of Supreme Court's judgment against Leach must be reversed and remitted for resolution of factual issues concerning his personal liability.

Peters, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as found against defendant James R. Leach, Jr.; motion for summary judgment against said defendant denied; and, as so modified, affirmed.