■ Patricia E. Benedict et al., Respondents, v Whitman Breed Abbott & Morgan et al., Appellants, et al., Defendants. [722 NYS2d 586] —In an action, inter alia, to recover damages for legal malpractice and breach of fiduciary duty, the defendant Whitman Breed Abbott & Morgan and the individual defendant partners thereof appeal from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered May 26, 1999, as denied those branches of their motion which were to dismiss the first, second, third, seventh, tenth, eleventh, sixteenth, and eighteenth causes of action insofar as

asserted against them with respect to transactions alleged to have occurred on or after January 30, 1991, the defendant Whitman & Ransom and the individual defendant partners thereof separately appeal from so much of the same order as denied those branches of their separate motion which were for the same relief with respect to them, and the defendant Vernon G. Browne separately appeals from the same order. The appeal brings up for review so much of an order of the same court, entered October 8, 1999, as, upon granting the motion of the defendant Whitman & Ransom and the individual defendant partners thereof to reargue, adhered to the prior determination (see, CPLR 5517 [b]).

Ordered that the appeal by the defendant Vernon G. Browne is deemed withdrawn pursuant to letter dated February 16, 2001; and it is further,

Ordered that the appeal by the defendant Whitman & Ransom and the individual defendant partners thereof from the order entered May 26, 1999, is dismissed, as that order was superseded by the order entered October 8, 1999, with regard to those defendants; and it is further,

Ordered that the order entered May 26, 1999, is affirmed insofar as appealed from by the defendant Whitman Breed Abbott & Morgan and the individual defendant partners thereof; and it is further,

Ordered that the order entered October 8, 1999, is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The plaintiffs allege, *inter alia*, that the defendant law firms and the individual defendant partners thereof (hereinafter collectively the appellants), along with the defendant Vernon G. Browne, who is the plaintiffs' brother-in-law, wasted and looted the $100,000,000 family fortune. Purporting to sue individually and on behalf of the family businesses, the plaintiffs claim that between 1984 and 1995, the defendants committed professional malpractice and/or breached their fiduciary duties and/or unjustly enriched themselves, *inter alia*, by diverting the family wealth, in the form of real property and cash, to finance real estate ventures in which they held financial interests.

The Supreme Court properly applied a six-year Statute of Limitations to the plaintiffs' legal malpractice claims (*see, Brothers v Florence,* 95 NY2d 290; *Santulli v Englert, Reilly & McHugh,* 78 NY2d 700). While the appellants were not in contractual privity with the individual plaintiffs, under the circumstances of this case, their relationship can be said to be "so

close as to approach that of privity" (*Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood,* 80 NY2d 377, 382; *see, Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417, 424; *Parrott v Coopers & Lybrand,* 95 NY2d 479; *State of Cal. Pub. Empls' Retirement Sys. v Shearman & Sterling,* 95 NY2d 427; *Tambrands, Inc. v Lockwood Greene Engrs.,* 178 AD2d 406).

Contrary to the contention of the defendant Whitman Breed Abbott & Morgan and the individual defendant partners thereof, the plaintiff 6D Farm Corporation (hereinafter 6D), a partner in Benedict Dairy Farms, has standing to maintain its claims. Generally, "a partnership cause of action belongs only to the partnership itself or to the partners jointly, and * * * an individual member of the partnership may only sue and recover on a partnership obligation on the partnership's behalf" (*Shea v Hambro Am.,* 200 AD2d 371, 372; *see, Bay Shore Fam. Partners v Foundation of Jewish Philanthropies,* 270 AD2d 374; *Stevens v St. Joseph's Hosp.,* 52 AD2d 722). 6D does not dispute that the injuries complained of are essentially injuries to the partnership, but correctly asserts that where, as here, it is alleged that the other equal partner participated in some wrongdoing with a third party, an individual partner is permitted to sue in its individual capacity and recover its own damages (*see, Mannaberg v Herbst,* 267 App Div 818, *affd* 293 NY 657; *Millard v Newmark & Co.,* 24 AD2d 333; *see also, Franco v English,* 210 AD2d 630).

The Supreme Court properly concluded that the individual plaintiffs have standing to assert claims for diminution of the value of their stock in Duke & Benedict, Inc., and Adron, Inc., since the wrongs alleged were not only wrongs to the corporations, but were violations of an independent fiduciary duty owed by the appellants to the plaintiff stockholders (*see, General Rubber Co. v Benedict,* 215 NY 18; *Matter of Schulman,* 165 AD2d 499).

Accepting all factual allegations of the complaint as true, as the court must on a motion to dismiss, and according the plaintiffs the benefit of every possible inference (*see,* CPLR 3211; *Cron v Hargro Fabrics,* 91 NY2d 362; *Leon v Martinez,* 84 NY2d 83), we find that the complaint states legally cognizable claims, *inter alia,* to recover damages for legal malpractice, breach of fiduciary duty, and unjust enrichment.

The appellants' remaining contentions are without merit. Bracken, P. J., Ritter, Goldstein and Feuerstein, JJ., concur.