■ LAWRENCE INSURANCE GROUP, INC., Respondent, v KPMG PEAT MARWICK L.L.P., Appellant. [773 NYS2d 164]—

Mugglin, J. Appeal from an order of the Supreme Court (Kramer, J.), entered August 29, 2003 in Schenectady County, which, inter alia, partially denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff is a holding company. One of its wholly owned subsidiaries was United Community Insurance Company (hereinafter UCIC). From 1986 through 1993, plaintiff retained defendant to furnish various accounting services for it and its subsidiaries. One of defendant's tasks was to perform an actuarial review of the sufficiency of the capital reserves of UCIC. Defendant performed its audit of UCIC's reserves without incident until March 1993. However, in August 1993, defendant advised plaintiff that a $35 million deficit existed in UCIC's reserves. In November 1995, UCIC was placed into liquidation at which time title to all its property, contracts and rights of action vested in the appointed liquidator, the Superintendent of Insurance. Sometime between July 1, 1993 and October 15, 1993, defendant destroyed its stored work papers relating to the audits that it performed for UCIC in 1986. Similarly, it destroyed its 1987 work papers in 1994, and its 1988 work papers in 1995. Plaintiff commenced this action for breach of contract and accounting malpractice in December 1996. Following joinder of issue, defendant moved for summary judgment arguing that plaintiff sought to recover only on behalf

of UCIC a claim belonging solely to the liquidator and further arguing that plaintiff lacked any substantive evidence of malpractice or negligence of defendant for any audit year. Supreme Court partially granted defendant's motion for summary judgment by dismissing claims involving audit years commencing in 1989 and thereafter, finding plaintiff failed to submit any competent evidence of malpractice. However, with respect to the audit years 1986 through 1988, Supreme Court denied defendant's motion for summary judgment due to the destruction of its work papers. Plaintiff's request for sanctions for defendant's spoliation of documents was denied, but the possibility of a jury instruction on the issue was left open pending proof at trial. Supreme Court also denied defendant's request that a hearing on the spoilation issue be held outside the jury's presence. Defendant appeals, seeking review of Supreme Court's determination that plaintiff has standing to bring this action and review of Supreme Court's spoliation determination.

With respect to the standing issue, defendant correctly argues that a shareholder, even a sole shareholder or one in a closely held corporation, typically does not have standing to sue for injuries to the corporation itself (*see Abrams v Donati*, 66 NY2d 951, 953 [1985]; *Albany-Plattsburgh United Corp. v Bell*, 307 AD2d 416, 419 [2003]; *Brancaleone v Mesagna*, 290 AD2d 467, 468 [2002]); *Wolf v Rand*, 258 AD2d 401, 403 [1999]). However, where a defendant owes an independent duty to the shareholder and the shareholder and the defendant are in privity, the shareholder may sue for damages caused by the defendant's negligence which results in injury that is personal to the shareholder and independent of the damage caused to the corporation (*see General Rubber Co. v Benedict*, 215 NY 18, 22-23 [1915]; *Benedict v Whitman Breed Abbott & Morgan*, 282 AD2d 416, 418 [2001]; *Weiss v Salamone*, 116 AD2d 1009, 1010 [1986]). Often, such damages consist of loss in value of the plaintiff's shares in the corporation (*see e.g. General Rubber Co. v Benedict, supra* at 24; *Benedict v Whitman Breed Abbott & Morgan, supra* at 418).

At oral argument, defendant's counsel conceded that plaintiff and defendant were in privity. Such concession is not surprising given the contractual relationship between plaintiff and defendant by which defendant did accounting work directly for plaintiff, as well as for its subsidiary, and that the accounting work for plaintiff included assessing the financial health of UCIC. As to damages, from this record it would appear that plaintiff's expert has so far failed to accurately measure plaintiff's personal damages, but his testimony is sufficient to

show that such damages exist, making Supreme Court's denial of summary judgment appropriate.

We also find no error in Supreme Court's spoliation issue determinations. That court has discretion to impose sanctions for the spoliation of evidence by striking a party's pleading or instructing the jury that it may draw negative inferences from the missing evidence (*see* CPLR 3126; PJI3d 1:77 [2003]; *see e.g. Mylonas v Town of Brookhaven*, 305 AD2d 561, 562-563 [2003]; *Barber v Kennedy Gen. Contrs.*, 302 AD2d 718, 720 [2003]; *Puccia v Farley*, 261 AD2d 83, 85-86 [1999]). A defendant who destroys documents in good faith and pursuant to normal business practice should not be sanctioned unless the defendant is on notice that the evidence might be needed for future litigation (*see New York Cent. Mut. Fire Ins. Co. v Turnerson's Elec.*, 280 AD2d 652, 652-653 [2001]; *Conderman v Rochester Gas & Elec. Corp.*, 262 AD2d 1068, 1070 [1999]). Here, on the one hand, defendant's employee affirmed that, unless ordered held, work papers are routinely destroyed after six years. Plaintiff asserts that the large and sudden reversal involving a $35 million deficit, without any obvious business reason for its occurrence, should have, along with some evidence of in-house communication concerning this topic, the obvious unhappiness of the client and the existence of similar lawsuits, prompted defendant to put a hold on these papers and not destroy them. We believe these competing allegations present a genuine triable issue of fact which should be resolved by a jury.

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.