■ CY FARMS, LLC, Respondent-Appellant, v NEW YORK STATE ELECTRIC & GAS CORPORATION, Appellant-Respondent. [773 NYS2d 638]—

Appeal and cross appeal from an order of the Supreme Court, Genesee County (Mark H. Dadd, A.J.), entered June 20, 2003. The order granted defendant's cross motion for summary judgment in part, dismissed the second, third and fourth causes of action, granted plaintiff's motion for summary judgment in part and struck the first, second and fourth affirmative defenses to the extent they are directed to the first cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of the cross motion with respect to the third amended complaint insofar as it may be read to allege that plaintiff has rights under the instrument of easement as an assign of or a successor to the landowner and reinstating the third amended complaint to that extent and as modified the order is affirmed without costs.

Memorandum: Plaintiff leased certain property for the purpose of farming, and the owner of that property (landowner) granted defendant a permanent easement running across that property to enable defendant to construct and maintain an underground natural gas pipeline. Plaintiff commenced this action seeking damages for flooding that occurred following the demolition and reconstruction of a dike surrounding the farmland, work done in laying the pipeline. As limited by its brief submitted on its cross appeal and this appeal by defendant, plaintiff seeks recovery based on the instrument of easement granted by the landowner to defendant, which instrument contains a promise by defendant to bear the cost of any damage to the property of the easement grantor caused by defendant in the exercise of its easement rights. Plaintiff contends that, as tenant, it is an intended third-party beneficiary of defendant's promise to bear the cost of such damage, and that plaintiff in any event is entitled to enforce the promise of payment set forth in the instrument of easement by virtue of plaintiff's status as an "assign" of or a "successor" to the landowner.

We conclude that Supreme Court properly denied that part of defendant's cross motion for summary judgment dismissing the first cause of action insofar as it may be read to allege plaintiff's right to recover damages from defendant as a third-party beneficiary of defendant's promise set forth in the instrument of easement (*see MK W. St. Co. v Meridien Hotels,* 184 AD2d 312, 313 [1992]; *Tambrands, Inc. v Lockwood Greene Engrs.,* 178 AD2d 406, 408 [1991]; *see generally Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38, 43-45 [1985]; *Aievoli v Farley,* 223 AD2d 613, 614 [1996]). We agree with plaintiff, however, that the court erred in granting that part of defendant's cross motion for summary judgment dismissing the third amended complaint insofar as it may be read (and we so read the first cause of action) to allege that plaintiff, as a tenant of and thus an assign of or successor to the landowner, may enforce defendant's promise to bear the cost of damage to property leased by the landowner to plaintiff. We therefore modify the order by denying that part of defendant's cross motion with respect to the third amended complaint insofar as it may be read to allege that plaintiff has rights under the instrument of easement as an assign of or a successor to the landowner and reinstating the third amended complaint to that extent.

We have considered the remaining contentions of the parties and conclude that they are without merit. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.