■ Sign Up USA, Inc., Respondent, v JCF Associates, LLC, Appellant. [823 NYS2d 449]—

In an action, inter alia, for a declaration that a certain lease is valid and binding, in which counterclaims were asserted, inter alia, for a declaration that the lease is void, the defendant appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated December 23, 2004, which, in effect, granted the plaintiff's motion for summary judgment and, in effect, denied the defendant's cross motion for summary judgment on the first and second counterclaims.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for entry of a judgment declaring that the subject lease is valid and binding.

On January 30, 2001, the plaintiff, Sign Up USA, Inc. (hereinafter Sign Up), and Robson Sales Corporation (hereinafter Robson) entered into a lease to permit Sign Up to use, maintain, and operate an outdoor billboard sign on a lot owned by Robson. Robert Slone signed the agreement on behalf of Robson, as its president. Sign Up commenced paying monthly rent to Robson pursuant to the lease. In September 2003 Robson sold the building to the defendant, JCF Associates, LLC (hereinafter JCF), which refused to accept rent from Sign Up, asserting that the lease was invalid because Slone was not authorized to enter into it on behalf of Robson. Sign Up commenced this action, inter alia, for a judgment declaring that the lease was valid and binding, and for various injunctive relief. JCF counterclaimed, inter alia, for a judgment declaring the lease to be void, the first counterclaim, and for the fair and reasonable rental value of the billboard from January 1, 2002, to the present, the second counterclaim. Sign Up moved for summary judgment on its complaint and for summary judgment dismissing the counterclaims. JCF cross-moved for summary judgment on the first and second counterclaims. The Supreme Court granted the plaintiff's motion and, in effect, denied JCF's motion. We affirm.

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that Slone was an officer of Robson, and was the only individual who managed

the day-to-day affairs of the corporation. Therefore, he was authorized to enter into the lease in question on behalf of the corporation (*see Odell v 704 Broadway Condominium,* 284 AD2d 52, 56-57 [2001]). In opposition, JCF failed to raise an issue of fact.

Contrary to JCF's contention, the death of Slone's mother, Claire Slomowitz, the sole shareholder and only other officer of Robson, did not affect Slone's authority to execute the lease on behalf of the corporation. Pursuant to Slomowitz's will, a testamentary trust became the owner of her shares of the corporation upon her death. However, the corporation, which was not yet dissolved, continued to hold title to its assets, which included the property that was the subject of the lease (*see* Business Corporation Law § 1006 [a] [1]; *Wells v Ronning,* 269 AD2d 690, 692 [2000]). Harry Hershey, the executor and trustee under Slomowitz's will, had no control over the corporation's business simply by virtue of being trustee. Moreover, he did not become appointed executor and trustee until after the lease was executed.

Further, contrary to JCF's contentions, the lease did not violate the statute of frauds. As a corporate officer of Robson, Slone was not an agent for the purposes of General Obligations Law § 5-703. Accordingly, written authorization was not required for an agreement signed by that officer to be binding upon the corporation (*see Commission on Ecumenical Mission & Relations of United Presbyt. Church in U.S.A. v Roger Gray, Ltd.,* 27 NY2d 457, 462 [1971]; *Flax v B. M. Dev. Corp.,* 35 AD2d 565 [1970]; *Cinema N. Corp. v Plaza at Latham Assoc.,* 867 F2d 135, 140 [2d Cir 1989]; *Scientific Holding Co., Ltd. v Plessey Inc.,* 510 F2d 15, 21 [2d Cir 1974]).

JCF's remaining contentions are without merit.

Since this action, in part, seeks declaratory relief, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that the lease was valid and binding. Prudenti, P.J., Mastro, Fisher and Lunn, JJ., concur.