◼ JAMES R. LEACH, JR., Appellant, v STEPHEN F. BAILLY et al., Respondents. [829 NYS2d 272]—

Mercure, J. Appeal from an order of the Supreme Court (Spargo, J.), entered March 29, 2006 in Albany County, which granted defendants' motion for partial summary judgment.

Plaintiff retained defendants to represent him after he was added as a party to an action brought by Leo Wells against a corporation of which plaintiff was the sole shareholder and, after the corporation was dissolved, the successor in interest. Wells sought damages for the violation of an agreement to convey to him three acres of land owned by the corporation in exchange for labor clearing and preparing the corporation's other lots for sale. At the time plaintiff was added, Supreme Court (Viscardi, J.) also granted summary judgment as to liability against the corporation as a result of its failure to oppose

the motion against it.* After defendants served an answer to the amended complaint on behalf of plaintiff, the court granted Wells summary judgment on the issue of liability against plaintiff as well. A trial on the issue of damages resulted in an award of $90,000, plus interest, to Wells against the corporation and plaintiff. Defendants filed a notice of appeal on behalf of plaintiff, but not on behalf of the corporation.

Plaintiff retained different counsel to represent him on his appeal and, ultimately, this Court reversed the judgment with respect to plaintiff on the ground that fact issues precluded summary judgment regarding his liability (*Wells v Ronning*, 269 AD2d 690, 691-693 [2000]). Inasmuch as the corporation did not oppose Wells' motion for summary judgment or appeal from the entry of the order against it, we concluded that judgment could be entered against the corporation for the amount awarded (*id.* at 693). The property at issue in the action was later sold to satisfy the judgment. Plaintiff then commenced this action against defendants, alleging malpractice. Following joinder of issue, defendants moved for partial summary judgment, asserting that they cannot be liable to plaintiff for any losses suffered by the corporation because they did not represent the corporation (*see generally Griffin v Anslow*, 17 AD3d 889, 892 [2005]). Supreme Court (Spargo, J.) granted defendants' motion, dismissing that part of the complaint that sought damages due to the judicial sale of the property on the ground that plaintiff had not demonstrated a question of fact regarding whether defendants represented the corporation in addition to plaintiff. Plaintiff appeals and we now reverse.

Noting that defendants failed to submit any affidavits denying that they represented the corporation, plaintiff asserts that defendants failed to demonstrate prima facie entitlement to summary judgment. In connection with their motion for partial summary judgment, defendants presented plaintiff's deposition testimony that he retained defendants to represent his individual interests, but "not to [his] knowledge" to represent the corporation's interests, along with pleadings, motion papers, a notice of appeal and consent to change attorney form served solely on behalf of plaintiff. In our view, given defendants' failure to submit any retainer agreement, billing records or law office documentation regarding their work in the prior action, the evidence submitted demonstrates a lack of activity on the corporation's behalf but does not definitively preclude a finding

---

* Initially, Rolf Ronning, the corporation's president and an attorney, appeared on the corporation's behalf. The parties indicate that Ronning was disbarred in 1990, terminating his representation at that point.

that defendants represented the corporation (*cf. id.*). To the extent that defendants rely upon Supreme Court's (Viscardi, J.) recognition of defendants as representing plaintiff alone in its decisions granting judgment against the corporation and denying a motion for a new trial in the prior action, we note that the court identified defendants as counsel for the corporation in the judgment entered in that action. In short, the evidence was not "sufficient . . . to eliminate [all] material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Moreover, even assuming that defendants made a prima facie showing of entitlement to judgment as a matter of law, plaintiff presented sufficient proof to raise a triable issue of fact regarding defendants' representation of the corporation (*see Zuckerman v City of New York, supra* at 562). Contrary to defendants' arguments, there is record evidence suggesting that defendants may have represented the corporation. Accordingly, inasmuch as there are questions of fact regarding the existence of an attorney-client relationship between defendants and the corporation, reversal and denial of defendants' motion for partial summary judgment is required here (*see McLenithan v McLenithan*, 273 AD2d 757, 759-760 [2000]; *cf. Griffin v Anslow, supra* at 892-893).

We have considered plaintiff's remaining argument regarding estoppel and found it to be lacking in merit.

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.