■ JAMES R. LEACH JR., Appellant, v STEPHEN F. BAILLY et al., Respondents. [870 NYS2d 138]—

Mercure, J.P.

The facts of this legal malpractice action are more fully set forth in this Court's prior decision reversing an order that granted defendants' motion for partial summary judgment (37 AD3d 897 [2007]), and the underlying action in which Leo Wells sought specific performance of an agreement to convey real property or, in the alternative, money damages (*Wells v Ronning*, 269 AD2d 690 [2000]). Defendants represented plaintiff at the trial level in the underlying action. In brief, Wells obtained summary judgment on liability against both plaintiff and a corporation of which plaintiff was the sole shareholder and, after the corporation was dissolved, the successor in interest. Upon plaintiff's appeal, this Court reversed the judgment against plaintiff but concluded that judgment could be entered against the corporation because it neither opposed the summary judgment motion at the trial level nor appealed (*id.* at 691-693). The judgment was later satisfied after the sale of real property that remained titled in the corporation. Plaintiff then commenced this action.

Supreme Court (Spargo, J.) granted defendants' motion for partial summary judgment dismissing that part of the complaint that sought damages arising out of the sale of the corporation's property. The court concluded that defendants had demonstrated that they did not represent the corporation and, thus, could not be liable to plaintiff for losses suffered by the corporation. This Court reversed, finding that plaintiff had raised questions of fact regarding whether defendants represented the corporation (37 AD3d at 898-899).

The parties subsequently stipulated that defendants did not represent the corporation, but did commit malpractice in their representation of plaintiff individually. They further elected to proceed to a nonjury trial on certain stipulated issues of proximate causation and damages. At trial, plaintiff presented expert testimony and an appraisal report from real estate appraiser James Edward Beatty to rebut the testimony given on Wells' behalf by real estate appraiser Bruce Bauer in the underlying action. Supreme Court (Lynch, J.) determined that defendants' malpractice did not cause the unfavorable result against the corporation in the underlying action, and dismissed the complaint. Although one of the stipulated issues was

whether plaintiff may recover counsel fees both paid to defendants and incurred on his appeal in the underlying action, the court made no findings regarding whether plaintiff could recover such fees from defendants. Plaintiff now appeals.

Plaintiff asserts that the focus in this action is the issue of defendants' failure to call an expert to value the real property at issue in the underlying action. Specifically, plaintiff asserts that Beatty's appraisal testimony offered herein establishes that the value of the real property at issue in the underlying action was $30,000 and, thus, "but for" defendants' failure to challenge the $90,000 appraised value offered by Wells, judgment in the amount of $30,000 plus interest, rather than $90,000 plus interest, would have been entered against him and the corporation. Plaintiff's argument misses the mark.

As noted above, the judgment in the underlying action was reversed insofar as it imposed personal liability on plaintiff (*Wells v Ronning*, 269 AD2d at 692-693) and, ultimately, the judgment as against the corporation was satisfied from the sale of the corporation's assets. Thus, any damages arising out of the entry of the judgment in the prior action were suffered by the corporation, not plaintiff. Generally, a shareholder has no cause of action "[f]or a wrong against a corporation . . . [even] though he [or she] loses the value of his [or her] investment" (*Abrams v Donati*, 66 NY2d 951, 953 [1985]). While exceptions to the general rule exist, they are inapplicable inasmuch as the parties have stipulated that defendants did not represent the corporation and there are no allegations of fraud, collusion or malicious acts herein. Accordingly, defendants cannot be liable for any losses suffered by the corporation (*see Griffin v Anslow*, 17 AD3d 889, 892 [2005]; *C.K. Indus. Corp. v C.M. Indus. Corp.*, 213 AD2d 846, 847 [1995]; *see also Abrams v Donati*, 66 NY2d at 953-954; *cf. Lawrence Ins. Group v KPMG Peat Marwick*, 5 AD3d 918, 919 [2004]; *Benedict v Whitman Breed Abbott & Morgan*, 282 AD2d 416, 418 [2001]; *Weiss v Salamone*, 116 AD2d 1009, 1010 [1986]). In any event, even assuming that plaintiff could recover based upon the $90,000 judgment entered against the corporation, he failed to demonstrate that the corporation would have prevailed or that the amount of the judgment would have been lower "but for" the failure to submit an appraisal report in the underlying action (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434-436 [2007]; *Antokol & Coffin v Myers*, 30 AD3d 843, 845 [2006]).

Finally, turning to plaintiff's arguments regarding the mal-

practice committed against him individually, we reject plaintiff's assertion that he is entitled to fees incurred in subsequent litigation unattributable to that malpractice. We conclude, however, that he is entitled both to counsel fees paid to defendants and to counsel fees incurred upon the appeal of the adverse determination in the underlying action, which resulted from the admitted malpractice committed against plaintiff individually (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 443-444; *Harris v Bonacci*, 65 NY2d 876 [1985], *affg on op below* 109 AD2d 1072, 1073-1074 [1985]). Unearned fees may be recovered in a malpractice action, and "plaintiff's damages may include 'litigation expenses incurred in an attempt to avoid, minimize, or reduce the damage caused by the attorney's wrongful conduct' " (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 443, quoting *DePinto v Rosenthal & Curry*, 237 AD2d 482, 482 [1997]; *see* 3 Mallen and Smith, Legal Malpractice § 21:6 [2008]). The record establishes—in particular, the parties' stipulation that defendants committed malpractice in representing plaintiff—that such fees and expenses total $15,342.43, and plaintiff is entitled to interest from the date that his damages were incurred, i.e., the date that the fees were paid (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *Harris v Bonacci*, 109 AD2d at 1074; CPLR 5001 [b]).

Plaintiff's remaining arguments have been considered and found to be lacking in merit.

Spain, Carpinello, Kane and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, without costs, by awarding plaintiff counsel fees in the amount of $15,342.43, plus interest, and, as so modified, affirmed.