Frankel v Vernon & Ginsburg, LLP (2018 NY Slip Op 02577)





Frankel v Vernon & Ginsburg, LLP


2018 NY Slip Op 02577


Decided on April 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2018

Sweeny, J.P., Renwick, Mazzarelli, Kahn, Gesmer, JJ.


603449/07 -6299 6298 6297

[*1]Eric Frankel, as Executor of the Estate of Gloria Frankel, Plaintiff-Appellant,
v
Vernon & Ginsburg, LLP, et al., Defendants-Respondents.


Garvey Schubert Barer, New York (Maurice W. Heller of counsel), for appellant.
Gordon & Rees LLP, New York (Robert Modica of counsel), for respondents.



Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered on or about November 30, 2016, which granted defendants' motion to dismiss the claim for legal fees pursuant to the fee-shifting provision of the retainer agreement signed by plaintiff's decedent (Mrs. Frankel) and Vernon & Ginsburg, LLP, unanimously reversed, on the law, with costs, the motion denied, and the matter remanded for a determination of the amount of reasonable attorneys' fees. Order, same court and Justice, entered March 21, 2017, which granted defendants' motion to set aside the jury verdict to the extent of reducing the abatement of Mrs. Frankel's maintenance charges from 50% to 10%, unanimously reversed, on the law, with costs, and the jury verdict reinstated. Order, same court and Justice, entered March 27, 2017, which denied plaintiff's motion for fees and disbursements pursuant to Real Property Law § 234, unanimously reversed, on the law, with costs, the motion granted, and the matter remanded for a determination of which fees and disbursements relate to Mrs. Frankel's claim for breach of the warranty of habitability.
Vernon & Ginsburg's retainer agreement with Mrs. Frankel says, "In the event of a dispute between you and the firm regarding any matters relating to the retention . . ., the prevailing party shall be entitled to recover reasonable attorney's fees" (emphasis added). Plaintiff claims that defendants committed malpractice while representing Mrs. Frankel in a lawsuit is a dispute regarding a matter relating to the firm's retention (see GoTek Energy, Inc. v SoCal IP Law Group, LLP, 3 Cal App 5th 1240, 1250, 208 Cal Rptr 3d 428, 436 [Cal Ct App 2016]). Plaintiff is the prevailing party. The jury found that defendants committed malpractice and that the malpractice caused Mrs. Frankel damage. Although the amount of the award was reduced by the trial court, this court has reinstated the amount awarded by the jury, which is more than nominal.
Although the first amended complaint, dated May 28, 2008, did not request attorneys' fees, on November 16, 2016, plaintiff moved to amend the complaint to add a request for attorneys' fees, and the court granted the motion (see Hancock v 330 Hull Realty Corp., 225 AD2d 365 [1st Dept 1996]). Defendants were not prejudiced, as they had demanded (in one of their counterclaims) attorneys' fees pursuant to the fee-shifting clause.
Defendants' claim that plaintiff are entitled to attorneys' fees only for breach of contract is unavailing (see GoTek, 3 Cal App 5th at 1250, 208 Cal Rptr 3d at 435; see also Klapper v Graziano, 41 Misc 3d 401, 410 [Sup Ct, Kings County 2013], affd 129 AD3d 674 [2d Dept 2015], lv denied 30 NY3d 988 [2017]; ProHealth Care Assoc., LLP v Prince, 101 AD3d 699, 700-701 [2d Dept 2012]).
Nor does Leach v Bailly (57 AD3d 1286 [3d Dept 2008]) preclude plaintiff from recovering attorneys' fees. The defendants therein "fail[ed] to submit any retainer agreement" [*2](Leach v Bailly, 37 AD3d 897, 898 [3d Dept 2007]), so one cannot tell whether the agreement contained a fee-shifting clause.
We remand to Supreme Court for a determination of the amount of reasonable attorneys' fees (see Haselton Lbr. Co., Inc. v Bette & Cring, LLC, 123 AD3d 1180, 1183 [3d Dept 2014]).
The court improvidently reduced the jury's award from a 50% abatement to a 10% abatement of Mrs. Frankel's maintenance (see Po Yee So v Wing Tat Realty, 259 AD2d 373, 374 [1st Dept 1999]). Comparing "similar appealed verdicts" (Donlon v City of New York, 284 AD2d 13, 14 [1st Dept 2001]; see also id. at 16, 18), we find that the 50% abatement does not "deviate[] materially from what would be reasonable compensation" (CPLR 5501[c]). In Matter of Nostrand Gardens Co-Op v Howard (221 AD2d 637 [2d Dept 1995]), the court upheld a 50% abatement of rent where "there was excessive noise emanating from an apartment that neighbored the respondents' apartment through the late night and early morning hours" (id. at 638). While the noises in the instant action did not last throughout the late night into the early morning, Mrs. Frankel and plaintiff suffered from leaks as well as noise.
Since defendants did not cross-appeal from the order, they may not request that we vacate the entire abatement of plaintiff's maintenance for 1994 and 1995 (see Hecht v City of New York, 60 NY2d 57 [1983]).
Plaintiff is entitled to fees and disbursements pursuant to Real Property Law § 234 (see Lynch v Leibman, 177 AD2d 453, 454-456 [1st Dept 1993] [tenant who obtained 20% rent abatement was entitled to attorney's fees]), but only for Mrs. Frankel's claim against her landlord, not her claim against her upstairs neighbors. Therefore, we remand for a determination of which fees and disbursements are attributable to Mrs. Frankel's claim for breach of the warranty of habitability.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 17, 2018
CLERK