Israel Realty LLC d/b/a 333 Realty, Petitioner-Appellant,
against
Inessa Shkolnikov, Respondent-Cross-Appellant.



Petitioner appeals from (1) a final judgment of the Civil Court of the City of New York, New York County (Michelle D. Schreiber, J.), entered on or about February 23, 2016, after a nonjury trial, which awarded respondent a 100% rent abatement and dismissed the petition in a nonpayment summary proceeding, and (2) an order (same court and Judge), entered on or about April 19, 2016, after a hearing, which awarded attorneys' fees to respondent in the principal sum of $28,648.76. Respondent cross-appeals from so much of the latter order as limited her recovery of attorneys' fees.




Per Curiam.
Final judgment (Michelle D. Schreiber, J.), entered on or about February 23, 2016, reversed, without costs, petition reinstated and final judgment directed in favor of petitioner awarding it possession and rent arrears in the principal sum of $3,600. Order (Michelle D. Schreiber, J.), entered on or about April l9, 2016, affirmed, without costs.
A fair interpretation of the evidence supports the trial court's fact-laden determination that the warranty of habitability was breached when respondent-subtenant's ground floor terrace/patio area was closed by the nonparty building cooperative, so that this area could be utilized as a staging area for the erection of scaffolding to perform mandatory Local Law 11 repair work on the building facade. We reject, as did the trial court, petitioner-sublessor's attempt to avoid liability for the breach. A subtenant may properly assert the warranty of habitability as a defense to a nonpayment claim by a sublessor/proprietary lessee of an apartment (see Wright v Catcendix Corp., 248 AD2d 186 [1998]; Itskov v Rosenblum, 7 Misc 3d 135[A], 2005 NY Slip Op 50764[U] [App Term, 1st Dept 2005]). Nor is it controlling that the "culprit" is the cooperative, since the statutory warranty of habitability can apply to conditions resulting from events beyond a landlord's control (see Sutton Fifty-Six Co. v Garrison, 93 AD2d 720, 721-722 [1983]). Any exculpatory clause in the parties' sublease agreement was not a bar to the defense of the breach of the warranty of habitability, "since section 235-b of the Real Property Law voids any lease provision that purports to modify any tenant's rights arising thereunder" (id. at 721).
However, the 100% abatement granted by the trial court was excessive. While the record [*2]shows a complete loss of use of the patio/terrace for a four-month period, the interior of the apartment was still habitable, and respondent remained in possession during that period (see A. J. Clark & Son, Inc. v Kent, NYLJ, March 11, 1987, at 6, col 3 [App Term, 1st Dept 1987]). 
Upon our independent review of the record, and comparing similar abatement awards (see generally Frankel v Vernon & Ginsburg, LLP, ___ AD3d ___ , 2018 NY Slip Op 02577 [2018]), we conclude that a 60% abatement more closely represents "the difference between the fair market value of the premises if they had been as warranted, as measured by the rent reserved under the lease, and the value of the premises during the period of the breach" (Park W. Mgt. Corp v Mitchell, 47 NY2d 316, 329 [1979], cert. denied 444 US 992 [1979]); see e.g., Pickman Realty Corp. v Hess, NYLJ, June 22, 1993, at 27, col 4 [App Term, 2d & 11th Jud Dists 1993][50% abatement was warranted where three rooms were blocked for ten months by scaffolding used for window installation and brick point work]; A. J. Clark & Son, Inc. v Kent, N.Y.L.J, March 1, 1987 [50% abatement was "excessive" where the loss was to one-half of the demised premises "as represented by a roof terrace"]). This reduced abatement, though substantial, was warranted by the evidence, which showed, inter alia, that respondent was completely deprived of use of the patio area, which was nearly twice the size of the interior of the apartment, and that the scaffolding work and the resulting dust accumulation prevented respondent from opening her windows and reduced the amount of light, air and ventilation inside the apartment (see Park W. Mgt. Corp. v Mitchell, 47 NY2d at 327; Goldhirsch v St. George Tower & Grill Owners Corp., 142 AD3d 1044, 1045 [2016]).
As the prevailing party in this proceeding, respondent was entitled to attorneys' fees pursuant to paragraph 28 of the proprietary lease, which was incorporated by reference into the sublease, and the reciprocal provisions of Real Property Law § 234. Viewing the evidence presented in light of all relevant factors (see Matter of Freeman, 34 NY2d 1, 9 [1974]), including the time and labor required, the difficulty of the questions involved, and the lawyer's experience, ability and reputation, we find, based upon our independent review of the record, that the fee award was reasonable under the circumstances.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 06, 2018