**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3515
_____

UNITED STATES OF AMERICA

v.

ARTHUR D'AMARIO, III,
                              Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. Action No. 06-cr-00112-001)
District Judge: Honorable Paul S. Diamond
_____

Submitted Under Third Circuit LAR 34.1(a)
September 9, 2014
_____

Before: RENDELL, GREENAWAY, JR. and BARRY, *Circuit Judges*.

(Opinion Filed: December 9, 2014)
_____

OPINION*
_____

GREENAWAY, JR., *Circuit Judge*.

At first blush, this case presents us with potentially thorny questions regarding the

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

interplay of the Federal Rules of Appellate Procedure, the Federal Rules of Criminal Procedure, the Supreme Court's pronouncement regarding a matter of federal common law, and what we can reasonably expect a pro se litigant to understand about these legal principles. Upon closer examination, these questions evaporate, leaving us with a straightforward application of the time parameters set forth in Fed. R. App. P. 4. As explained below, the application of that rule requires the dismissal of this appeal.

Following a jury trial, Arthur D'Amario was found guilty of threatening the life of a federal judge. The District Court sentenced D'Amario to a term of eighty-four months of incarceration, followed by three years of supervised release.

Upon his release from custody, D'Amario sought to transfer his supervised release from New Jersey to Rhode Island. Rhode Island refused to accept his supervision. He appealed the denial of his transfer, and we affirmed. He also sought modification of the terms of his supervised release, which the District Court denied. We affirmed.

D'Amario absconded to Canada, without permission and in violation of his conditions of supervised release. His subsequent arrest in Canada led to a revocation hearing, resulting in the District Court's determination that D'Amario violated the terms of his supervised release. The District Court imposed a sentence of twenty-four months of incarceration, with no term of supervised release to follow. Seven days later, D'Amario filed a pro se motion for reconsideration, raising various claims and expressing

his belief that filing the motion tolled the time for filing his notice of appeal.[1]

The District Court ordered the government to respond to this motion, which it did. In its response, the government argued that the only bases to challenge a final criminal judgment were codified in 18 U.S.C. § 3582(c), and that D'Amario's motion did not meet any of the criteria set forth in that section. The government added that "his avenue of recourse is either a direct appeal or a motion filed pursuant to 28 U.S.C. § 2255." (Docket Entry No. 493.) The District Court entered an order converting the motion seeking reconsideration to a Fed. R. Crim. P. 35 motion and denied it. Four days later, D'Amario filed a pro se notice of appeal, stating he sought review of the order denying reconsideration, as well as the order revoking his supervised release.

---

[1] D'Amario based his belief that his motion for reconsideration tolled the time for filing an appeal on our precedent in *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) ("As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases.") (citations omitted). It is correct that motions for reconsideration may be filed in criminal cases, and that filing a motion for reconsideration tolls the time for filing a notice of appeal. *Gov't of the Virgin Islands v. Lee,* 775 F.2d 514, 519 (3d Cir. 1985). However, that general principle does not apply to judgments of convictions. Congress has limited the ability of a district court to reconsider sentencing decisions. *See, e.g., United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014) (recognizing that "reconsideration motions are accepted as a common-law practice" in criminal cases, "[b]ut Congress long ago abrogated this common-law practice in the sentencing context.") Clearly, D'Amario, a pro se litigant, did not understand the difference between reconsideration allowed by common-law principles and reconsideration disallowed by statute. As a pro se litigant, we do not hold him to the same standards as an attorney. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) ("[W]e tend to be flexible when applying procedural rules to pro se litigants, especially when interpreting their pleadings. This means that we are willing to apply the relevant legal principle even when the complaint has failed to name it." (internal citation omitted)). Ultimately, D'Amario's confusion proves irrelevant to the outcome of this

3

The government filed a motion to dismiss the appeal as untimely, decision on which was delayed until after full briefing on the merits. In his counseled merits brief, D'Amario raises only two arguments — that his appeal is timely and that the conditions of his original term of supervised release were improper.

We have long recognized that we should consider the substance, rather than the title, of claims. *Jarbough v. Att'y Gen.*, 483 F.3d 184, 189 (3d Cir. 2007) ("We are not bound by the label attached by a party to characterize a claim and will look beyond the label to analyze the substance of a claim. To do otherwise would elevate form over substance and would put a premium on artful labeling. Accordingly, artful labeling will not confer us with jurisdiction." (internal citations omitted)).

In his brief before us, D'Amario argues that "[d]uring the original sentencing, the court ordered D'Amario to participate in a supervised release program in the District of New Jersey . . . [and] that the court did not disclose its reasons for requiring D'Amario to live in New Jersey, much less engage in a meaningful analysis of the factors that pointed to that state as opposed to other states where D'Amario had roots." (Appellant's Br. 13-14.) As such, the crux of his objections is this condition of his original sentence.

Given the substance of his arguments, we must construe D'Amario's appeal as seeking review of his original judgment of conviction, which imposed this condition of supervised release (New Jersey rather than Rhode Island). Indeed, he is not posing a

case.

challenge to the revocation of his supervised release, despite the reference in his Notice of Appeal to "the orders entered on August 5, 2013, and May 23, 2013." (App. 1.) Since he is seeking review of the District Court's decision of March 26, 2007, his appeal was filed over six years beyond the fourteen day deadline set forth in Fed. R. App. P. 4(b). We will therefore dismiss his appeal as untimely.